CHARLES KRISER, Respondent, *v.* JOHN C. RODGERS, JR., and
EUGENE F. McGEE, Defendants, Impleaded with MARTHA
M. RODGERS, Appellant.

First Department, February 4, 1921.

Judgments — entry of judgment against defaulting joint debtor
erroneous where action not severed — severance of action after
judgment entered does not cure error — vacating judgment
entered by mistake.

Where in an action on a promissory note the maker is not served and the
payee defaults, it is improper to enter judgment against him without
entering an order of severance.

An order subsequently entered severing the action does not correct the error,
but the proper practice is for the plaintiff to move to vacate the judgment,
if it was entered through mistake, and then either sever the action as to
the defaulting defendant or proceed to trial, and if successful, apply for
a direction of judgment against all the defendants sued, and if unsuccessful
the court may grant judgment in favor of the defendants who appeared
and litigated the issue and against the one who defaulted.

APPEAL by the defendant, Martha M. Rodgers, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 20th day of December, 1920, granting plaintiff's
motion to sever the action and allow the plaintiff to proceed
against certain defendants.

*Thomas E. O'Brien* of counsel [*Thomas F. Conway*, attorney],
for the appellant.

*Leon Brof* of counsel [*Ginzburg & Picker*, attorneys], for the
respondent.

PAGE, J.:

The action was brought to recover upon a promissory note.
The maker has not been served. The payee defaulted, and
the plaintiff without entering an order for severance, entered
judgment against him on July 27, 1920. Thereafter a notice
of trial was served by the plaintiff on the attorney for the
indorser who had appeared, and a motion was made to place

the cause on the special calendar, Trial Term, Part II, for trial. In opposition to this application the appellant urged the objection of the entry of judgment against one defendant without severing the action. Thereupon, the plaintiff moved for an order severing the action *nunc pro tunc.* The order entered on the motion does not sever the action *nunc pro tunc* as of July 27, 1920, but *in præsenti.*

The action being at law only one judgment could be entered unless the action is severed, as provided in section 456 of the Code of Civil Procedure. The order of severance should precede the entry of judgment, the theory of the law being that where parties are severally liable they may, at the option of the plaintiff, be united in one action or separately sued. Therefore, when plaintiff is in position to take judgment against some, but not all of the defendants, he should be allowed to separate the action into two actions, enter judgment in one and proceed with the other.

The judgment was improperly entered. The plaintiff's attorney alleges that it was so entered through his inadvertence and mistake. The proper practice is for the plaintiff to apply to vacate the judgment. (*Weston* v. *Citizens' Nat. Bank,* 88 App. Div. 330, 336.) He can then either sever the action and properly enter judgment against the defendant in default, or he may proceed with the trial, and if successful, apply to the court upon the trial for a direction of judgment against all the parties defendant who have been sued. (Code Civ. Proc. § 1214.) If unsuccessful the court may grant judgment for the defendant who appeared and litigated the issue and for the plaintiff against the defaulting defendants. (Code Civ. Proc. § 1204.)

The order will be reversed, without costs, and the motion denied.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, without costs, and motion denied.