INDUSTRIAL BANK OF SCHENECTADY, Respondent, v. WALTER JACK, Defendant, and MATTHEW J. MADERIC, Appellant.

Third Department, November 10, 1958.

*Gerald T. Hennessy* for appellant.

*Mauriel & Soennichsen* (*George E. Severson* of counsel), for respondent.

*Per Curiam.* The defendant Maderic appeals from an order of the Supreme Court which denied his motion for summary judgment dismissing the complaint herein against him.

The action is upon a conditional sales contract to recover an alleged balance of the purchase price of an automobile sold to the defendant Jack, and defendant-appellant. Plaintiff is the assignee of such contract. Both Jack and the defendant-appellant signed the conditional sales agreement as buyers. In the action herein the defendant Jack defaulted and a default judgment was taken against him without an order of severance continuing the action against the defendant-appellant. It is the

contention of appellant that such action on the part of the plaintiff terminated the action against both defendants. We are constrained to hold that this contention is correct.

Unquestionably the liability charged on the complaint against the defendant was joint and several. The action of course is one at law. Such being the case only one judgment could be entered unless the action was severed and an order of severance should have preceded the entry of the default judgment. Since this was not done the default judgment barred the prosecution of the action against defendant-appellant (Civ. Prac. Act, § 474; 3 Carmody, New York Practice [Perm. ed.], § 865; *Kriser* v. *Rodgers*, 195 App. Div. 394; *Nathan* v. *Zierler*, 223 App. Div. 355; *Weston* v. *Citizens' Bank*, 88 App. Div. 330). We find nothing in the record to justify a departure from this established rule of law and practice.

The order should be reversed and the motion granted.

FOSTER, P. J., BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ.. concur.

Order reversed and the motion granted, with $10 costs.