■ ARTHUR SONNENTHAL, as Executor of SOPHIE SONNENTHAL, Deceased, Respondent, v. LOUIS HODES et al., Appellants, et al., Defendants.— Order

unanimously modified in the exercise of discretion so as to strike out the third, fourth, fifth and seventh decretal paragraphs thereof and to direct that the damages to be assessed against appellants be determined at the trial of the action and, as so modified, is affirmed, without costs. Summary judgment was properly granted and the appellants seem to so concede upon this appeal. However, we conclude that the direction for a severance was an improvident exercise of discretion. Subdivision 5 of rule 113 of the Rules of Civil Practices provides that the granting of summary judgment should be " on such terms as may be just." While we recognize that ordinarily a joint tort-feasor against whom a judgment has been entered has no absolute right to preclude a separate trial against his codefendents so as to preserve to him contribution under section 211-a of the Civil Practice Act, we do conclude that in the unusual posture of this case it would be " just " and in the interests of consistency with respect to damages to deny a severance. However, the liability of the appellants having been determined their participation in the trial must necessarily be restricted to the issue of damages. Since our determination will delay the entry of a judgment against the appellants until the conclusion of the trial, the plaintiff should be permitted to move for a trial preference if he is so advised. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.