Robert O. Brink, J.
This is a motion for summary judgment commenced by the plaintiff Thrift Credit Corp., against the defendant, Nicholas Valletta. The defendant has moved for an order vacating and rescinding an order directing severance of the action against the defendant Valletta dated February 4, 1965 and filed in the Broome County Clerk’s office under Index No. 85714, and further for an order and judgment dismissing the plaintiff’s complaint and specifically the second cause of action as against defendant Valletta on the ground that a default judgment previously entered in this action against the defendants Harmony Playhouse, Inc., Wilbur Russ and Helen Russ on March 30, 1964, constitutes a complete bar to any further action against the defendant Valletta.
The action against the defendant, Nicholas Valletta was commenced by service of process in November, 1963. Service on the defendants, Wilbur and Helen Russ and Harmony Playhouse, Inc. was allegedly also made in November of 1963.
The defendants Harmony Playhouse, Inc. and the Russes defaulted in the action. On January 27, 1964, the defendant Nicholas Valletta submitted an answer and demand for a bill of particulars.
In March, 1964, a default judgment was taken against Harmony Playhouse, Inc. and Wilbur and Helen Russ. No order of severance was obtained at that time.
On or about February 4, 1965, the plaintiff’s attorney filed an affidavit with the Broome County Clerk and obtained an order of severance in the action against Valletta, pursuant to CPLR 3215 (subd. [a]).
The defendant Valletta now moves to have that order vacated and rescinded on the ground that it was not made at the time of entry of the default judgment and that such judgment is now a complete bar to any further action against the defendant.
CPLR 3215 (subd. [a]) states: “Upon entering a judgment against less than all defendants, the clerk shall also enter an order severing the action as to them.”
This provision relates only to liability that is several, or joint and several and applies only if a separate judgment may be entered against the defaulting defendant. (4 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3215.07.) In the instant case, the liability on the guarantee is joint and several.
The leading ease prior to the enactment of the CPLR was Kriser v. Rodgers (195 App. Div. 394 [1st Dept., 1921]). That case held that an order of severance should precede the entry of judgment. Therefore, the court reversed an order severing *387 the action nunc pro tunc, where the order was not entered prior to entry of the judgment against one of the defendants.
The court stated that the proper practice is for the plaintiff to apply to vacate the judgment. The action can, thereafter, be severed and judgment properly entered against the defendant in default.
Since the decisions relied on by the defendant were decided, the CPLR has been enacted. CPLR 3215 (subd. [a]) does not require, as did section 475 of the Civil Practice Act, that the plaintiff actually apply for a severance order. The language now states that the “ clerk shall also enter an order severing the action”. The language takes on more the appearance of requiring a mere administrative action.
Since this is a defect which could be corrected by the more complex method of vacating the judgment, it does not seem to this court that any prejudice results to the defendant by permitting the late entry of an order of severance nunc pro tunc, particularly under the more liberal provisions of the CPLR. The court agrees with the conclusion reached in Weinstein-Korn-Miller, New York Civil Practice (vol. 5, par. 5012.02): “ Entry of judgment prior to an order of severance was held improper under former law and not subject to correction nunc pro tunc. There is apparently no strong policy basis for such a hypertechnical conclusion and it should not be reached under CPLR 5012. Although it was held under former practice that the proper procedure is to vacate the judgment, move for severance, and then reinstate the judgment, if the defect does not prejudice a substantial right it should be correctible nunc pro tunc or disregarded.”
Such a holding is in accord with CPLR 104 which refers to construction of that statute. “ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.”
The motion to vacate and rescind the order of severance is denied and the plaintiff is given leave to amend the order nunc pro tunc.
On the papers before this court, it is not apparent that the defendant has a meritorious defense. Summary judgment is granted in favor of the plaintiff without prejudice to the defendant to apply for a reargument on the motion for summary judgment if there are additional facts within his knowledge which have not been included in his moving papers and which might substantiate his defense as a matter of law.