■ Mortimer Gallivan et al., Respondents, v. James Pucello, Appellant.— Motion for a stay denied. Memorandum: Plaintiffs brought an action for personal injuries against both the driver and the owner of a vehicle. The driver defaulted and, upon plaintiffs' motion, an order was granted severing the action against the driver, directing immediate assessment of damages and entry of default judgment against that defendant. The owner now seeks a stay of that order pending determination of his appeal from the order. Both the motion and the appeal are based on the claim that assessment of damages against the driver can result in two damage verdicts arising out of the same injuries for which the owner or his insurer will ultimately be liable, thus prejudicing the appealing owner and his insurer. ¶ The claim asserted by movant does not justify delaying plaintiffs in the assessment of their damages against the driver, as to whom they are entitled to a judgment. If movant is apprehensive that he or his insurer will be obligated to pay two judgments, as he seems to contend, that concern is unfounded. Even though separate judgments are recovered against joint tort-feasors, the satisfaction of one judgment discharges the others from liability (*Goines* v. *Pennsylvania R. R. Co.*, 6 A D 2d 531, app. dsmd., 5 N Y 2d 1002). Furthermore, although the amount of damages awarded in the action against the driver, the active tort-feasor, will fix the limit of the amount which may be awarded against the passive owner (*Goines* v. *Pennsylvania R. R. Co.*, *supra*), a lesser amount may be returned against the owner and in that event payment of the lesser judgment — if enforcement of the earlier judgment has not been accomplished — will satisfy both judgments (*Sarine* v. *American Lumbermen's Mut. Cas. Co. of Ill.*, 258 App. Div. 653). ¶ Any claim of prejudice to the owner or his insurer resulting from the fact that they will not participate in the assessment of damages against the driver must be rejected. The owner will not be responsible for the judgment against the driver, but can only be held liable in an action against him directly, based on his own vicarious liability. In such action, even under the expanded concept of collateral estoppel, the prior assessment of damages against the driver will not be given *res judicata* effect because the owner will not have had a "full and fair opportunity" to litigate the issue of damages (*Schwartz* v. *Public Administrator*, 24 N Y 2d 65, 71; *B. R. DeWitt, Inc.* v. *Hall*, 19 N Y 2d 141, 145). ¶ With regard to the owner's insurer, if, as it is asserting, the driver had stolen the vehicle and was operating it without the owner's permission and consent, there will be no liability for damages on the insurer under the owner's policy. This issue remains to be litigated in any action against the company to compel payment by it of the judgment against the driver (*Manard* v. *Hardware Mut. Cas. Co.*, 12 A D 2d 29). On the other hand, if permissive use is established, then the insurer's position of having had damages fixed without its participation will be the consequence of its own unwarranted refusal to assume its obligation to defend the action against the operator (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148; *Downey* v. *Merchants Mut. Ins. Co.*,

30 A D 2d 171, affd. 23 N Y 2d 989). Present—Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.