MARYANNE KOWALSKI et al., Infants, by Their Mother and Natural Guardian, MURIEL KOWALSKI, Appellants-Respondents, et al., Plaintiff, *v.* CYRUS MOHSENIN et al., Respondents, and JOHN COFINIOTIS, Respondent-Appellant.   (Two Actions.)

Second Department, February 22, 1972.

*Shayne, Dachs, Weiss, Kolbrener, Stanisci & Moe Levine (Norman H. Dachs* of counsel), for Maryanne Kowalski and another, appellants-respondents.

*Evans, Orr, Gourlay & Pacelli (Joseph Kane* of counsel), for respondent-appellant.

*Benjamin Purvin (Charles F. Brady* of counsel), for respondents.

LATHAM, J. In these consolidated negligence actions, the infant plaintiffs, Maryanne and Joanne Kowalski, appeal from so much of an order of the Special Term as denied their motion for summary judgment against defendants Cyrus Mohsenin and Bairley Auto Rental Corp. (in Action No. 1); and defendant Cofiniotis (in Action No. 1) cross-appeals from so much of the same order as denied his cross motion for summary judgment against the plaintiffs. The principal question is whether the Special Term erred in not granting summary judgment against Mohsenin and Bairley Auto Rental on the theory of collateral estoppel.

The actions arose out of a three-car collision on December 6, 1966. One of the vehicles was owned and operated by Ladislaw Kowalski, the father of the infant plaintiffs, who were passengers therein. One of the other vehicles was owned and operated by defendant Cofiniotis and the third car was owned by defendant Bairley Auto Rental and driven by defendant Mohsenin.

Passengers in the Cofiniotis vehicle commenced a separate action against all the operators and owners, entitled *Edmonds* v. *Mohsenin.* After a jury trial a verdict was returned in favor of the plaintiffs Edmonds against Mohsenin and Bairley Auto Rental and in favor of Ladislaw Kowalski against the plaintiffs Edmonds. The trial court dismissed the complaint as against Cofiniotis prior to the submission of the case to the jury. Mohsenin and Bairley Auto Rental appealed from the ensuing judgment and we affirmed (*Edmonds* v. *Mohsenin,* 37 A D 2d 691).

During the pendency of the appeal in the *Edmonds* action the infant plaintiffs in the instant action moved for summary judgment against defendants Mohsenin and Bairley Auto Rental on the theories of *res judicata* and collateral estoppel; and

defendant Cofiniotis cross-moved for summary judgment against the plaintiffs on the same theories. The Special Term denied both motions and the present appeals followed.

A recent and most significant pronouncement by the Court of Appeals in the area of collateral estoppel was made in *Schwartz* v. *Public Administrator of County of Bronx* (24 N Y 2d 64, 71 [1969]) wherein the court, in an opinion by KEATING, J., stated: "Although we have not previously said so, it is now evident that New York has adopted the full and fair opportunity test in applying the doctrine of collateral estoppel. * * * New York Law has now reached the point where *there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling* " (emphasis added).

Gone from the application of the rule of collateral estoppel, as amplified and extended in *Schwartz,* are the requirements of identity of parties, mutuality of estoppel, or the like. (See, also, *Albero* v. *State of New York,* 31 A D 2d 694, affd. 26 N Y 2d 630; *Mulligan* v. *Sperka,* 34 A D 2d 958; *Nesbitt* v. *Nimmich,* 34 A D 2d 958; *Howard* v. *City of N. Y.,* 38 A D 2d 89; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.25.)

In the instant action there is no question that the above two requirements for the application of the doctrine of collateral estoppel are met. The opinion by the Special Term buttresses this conclusion. It states in relevant part: " The verdict in the Edmonds action constitutes a finding that the injuries sustained by the Edmonds was proximately caused by the negligence of defendants Mohsenin and Bairley Auto Rental Corp. whose automobile Mohsenin was driving."

The facts clearly demonstrate that only the issue of the negligence of defendants Mohsenin and Bairley Auto Rental was decided in the *Edmonds* action. While no finding of negligence was made against Cofiniotis or Ladislaw Kowalski in that action, such a determination was not a prerequisite to the determination of the negligence of the other two defendants and their separate liability to the infant plaintiffs in the instant action (*Sweet* v. *Perkins,* 196 N. Y. 482, 485; *Wold* v. *Elder, Dempster & Co.,* 210 App. Div. 464, 466–467).

It would thus appear that, as to the infant plaintiffs, the only possible ground upon which the denial of their motion for summary judgment would have been justified would be the exis-

tence of a question of fact as to their contributory negligence. It is patent that under the facts no question as to their contributory negligence is present. The contributory negligence of their father, if any, could not be imputed to them (General Obligations Law, § 3–111).

The moving affidavit for the infant plaintiffs averred that they were both 11 years of age at the time of the accident, that they were passengers in the automobile owned and operated by their father and that they had no control whatsoever over the manner in which that vehicle was being operated. The opposing affidavit for defendants Mohsenin and Bairley Auto Rental did not deny these claims, but merely asserted that the motion and the cross motion were prematurely made, in view of the fact that their appeal from the judgment in the *Edmonds* action was then pending before this court.

There being no question as to the contributory negligence of the infant plaintiffs, and the requirements for the application of the doctrine of collateral estoppel against defendants Mohsenin and Bairley Auto Rental having been met, I conclude that the denial of the infant plaintiffs' motion for summary judgment against these two defendants was error as a matter of law.

There remains, however, the question as to whether the infant plaintiffs are to be estopped from maintaining their action against defendant Cofiniotis. In my opinion, the doctrine of collateral estoppel cannot be invoked by Cofiniotis. The infant plaintiffs were not parties to the *Edmonds* action and did not have " a full and fair opportunity to contest the decision now said to be controlling " (*Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 64, 71, *supra*). Furthermore, the public policy involved in the application of collateral estoppel should not allow a party to be deprived of the opportunity to be heard (*Commissioners of State Ins. Fund* v. *Low*, 3 N Y 2d 590, 595). A fortiori, the infant plaintiffs should not be collaterally estopped from prosecuting their action against Cofiniotis to determine his possible liability to them.

Accordingly, the order appealed from should be modified, on the law, by striking therefrom the decretal provision denying the infant plaintiffs' motion for summary judgment against defendants Mohsenin and Bairley Auto Rental Corp. and substituting therefor a provision granting that motion, with severance of the action as to these two defendants; and, as so modified, the order should be affirmed insofar as appealed from, with $10 costs and disbursements to the infant plaintiffs against defendants Mohsenin and Bairley Auto Rental Corp. and without costs as to defendant Cofiniotis.

Rabin, P. J., Hopkins, Munder and Shapiro, JJ., concur.

Order modified, on the law, by striking therefrom the decretal provision denying the infant plaintiffs' motion and substituting therefor a provision granting that motion, with severance of the action as to defendants Mohsenin and Bairley Auto Rental Corp. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to the infant plaintiffs against defendants Mohsenin and Bairley Auto Rental Corp. and without costs as to defendant Cofiniotis.