VERNELL RANDOLPH, Appellant, v RICHARD A. NURSE et al., Respondents.

First Department, November 13, 1975

*Lewis I. Wolf* of counsel *(Philip M. Damashek,* attorney), for appellant.

*John E. Trecartin* of counsel *(O'Hagan, Reilly & Trecartin* and *McLaughlin & Lawlor,* attorneys), for respondents.

STEVENS, P. J. Plaintiff, one of three passengers in a car owned by defendant, National Car Rental, Inc. (National) and operated by defendant, Robert A. Nurse, sues to recover damages for injuries allegedly suffered on May 26, 1973, as a result of a single-car accident. The two other passengers, one of whom died from injuries received in the accident, sued the owner and operator in tort for damages and recovered judgment against them. That judgment was not appealed.

In its original answer National admitted ownership of the car, that the car was operated by Nurse and that plaintiff was a passenger in the car. In its amended answer National denied sufficient information as to whether plaintiff was a passenger. However, the MV104 accident report filed by Nurse listed plaintiff as a passenger and described the accident in these words: "I came up this road and over the crest of the hill. At that point the road veered sharply to the left on a downgrade. I applied the brakes but they did not hold. I tried to stay on the road but car went off road on right, through a guard rail and hit a tree."

In opposition to plaintiff's motion for summary judgment, defendants submitted an affirmation by counsel asserting that plaintiff's contributory negligence was not tried in the prior action. Plaintiff's affidavit alleged that she had nothing to do

with the operation of the car and the accident report bears this out. It attributes the accident to faulty brakes or some defect in the car or its operation.

The issue is whether defendants are collaterally estopped to deny fault or negligence. In our opinion they are.

With respect to the other two passengers, there was a plenary trial lasting nine days. The action was defended with vigor and there was a full opportunity afforded defendants to be heard on all issues. Defendants failed to prove freedom from liability or to establish liability on the part of plaintiffs (see *Cummings v Dresher,* 18 NY2d 105, 107–108). As noted in *B. R. De Witt, Inc. v Hall* (19 NY2d 141, 143), "there seems to be no reason in policy or precedent to prevent the 'offensive' use of a prior judgment" which has been determined on the merits. Plaintiff may justifiably use the earlier judgment on the basic issues here involved for, as held in the *De Witt* case, *(supra,* p 147), "the 'doctrine of mutuality' is a dead letter".

A decision whether defendants had a full and fair opportunity to establish their nonnegligence in the prior action "requires an exploration of the various elements which make up the realities of litigation. A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 72.) Tested by the foregoing considerations, it is readily apparent from the record that no valid reason exists which would preclude plaintiff from utilizing the determination in the earlier case as a basis for seeking summary judgment here. The issue of negligence is the central issue here as it was in the case of the other passengers. Defendants have failed to show the lack of a full and fair opportunity to contest that issue.

Accordingly, the order entered June 5, 1975, in the Supreme Court, New York County (FINE, J.), should be reversed on the law and plaintiff's motion for summary judgment on the issue of liability only granted and the matter remanded for an assessment of damages, with costs to plaintiff-appellant.

MARKEWICH, KUPFERMAN, MURPHY and LUPIANO, JJ., concur.

Order, Supreme Court, New York County, entered on June 5, 1975, unanimously reversed, on the law, plaintiff's motion for summary judgment on the issue of liability only granted, and the matter remanded for an assessment of damages. Appellant shall recover of respondents $60 costs and disbursements of this appeal.