■ DONALD M. STOUGHTON, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 1.)— Order unanimously affirmed, with costs. Memorandum: Plaintiff commenced

this negligence action as the result of a fire in the Romax office building in Syracuse, where he and the defendant State Farm Mutual Automobile Insurance Company (State Farm) were tenants, and which was owned by the defendant East Hampton Dewitt Corp. (East Hampton). Each defendant interposed a cross claim against the other and State Farm filed a third-party complaint against Maurice L. Rosen, M. L. Rosen Management Co. and Rosen-Klein Construction Co., Inc., all involved in the construction of the building. Plaintiff subsequently moved for summary judgment against both defendants on the ground that the issue of liability had been litigated and resolved in a Federal court action in which the defendants were parties, and which arose from the same fire. Plaintiff contended that the defendants were collaterally estopped from litigating the issue anew. Although Special Term denied plaintiff's motion insofar as it related to East Hampton, summary judgment was granted against State Farm, and it is from that order which State Farm appeals. East Hampton is not a party to the appeal inasmuch as plaintiff has taken no cross appeal from the denial of his motion against it. In the Federal litigation, East Hampton and Warner National, Inc. (Warner), another tenant of the Romax building, commenced separate actions against State Farm, alleging negligence in starting the fire and negligence in failing to make a timely call to the fire department which would have permitted the fire damage to be restricted to State Farm's offices. State Farm claimed, *inter alia,* that the spread of the fire was caused by the faulty construction of the building *(East Hampton Dewitt Corp. v State Farm Mut. Auto. Ins. Co.,* 490 F2d 1234, 1237). The two actions were tried together in a bifurcated trial. The first stage was limited to "State Farm's negligence and the causal relationship, * * * standing alone, to the 'spread of the fire.' For that reason the [Federal trial court] over State Farm's objection, refused to allow the introduction of evidence of faulty construction at that time" (490 F2d 1234, 1237, *supra).* The jury found that State Farm was not negligent in causing the start of the fire but was negligent in failing to report the fire promptly, and that such failure was a proximate cause of the spread of the fire. The second stage of the trial was concerned with the determination of damages. Evidence of the building's faulty construction was admitted "on the theory that the jury could properly take this into account by way of 'mitigation' of damages" (p 1237). The jury returned a verdict for Warner in the sum of $25,000, very nearly the amount demanded, but awarded East Hampton only $120,000, despite the fact that its claim for $820,000 was not seriously disputed. East Hampton appealed to the United States Court of Appeals, Second Circuit, contending that it was entitled to $820,000. The Second Circuit found that the verdicts represented "substantial justice" and affirmed the judgment of the District Court. There are two requirements necessary for the application of collateral estoppel: "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see, also, *Kiamesha Concord v Empire Mut. Ins. Co.,* 42 AD2d 449, affd on opn below 35 NY2d 776.) It is indisputable that the issue raised here is identical to that litigated and resolved in the Federal action. Indeed, the jury specifically found that State Farm was negligent in failing to report the fire promptly and that such negligence was the proximate cause of the spread of the fire. Additionally, the burden of proof sustained by the plaintiffs in the Federal action is the same as that required of the plaintiff here. The issue of plaintiff's contributory negligence

was, of course, not present in the prior action. However, in the absence of any suggestion by State Farm that plaintiff was contributorily negligent or occupies a position distinguishable from that of Warner, it may be concluded that the initial requirement of the collateral estoppel test has been satisfied (see *Randolph v Nurse,* 49 AD2d 354; *Kowalski v Mohsenin,* 38 AD2d 274, 276–277; cf. *Nesbitt v Nimmich,* 34 AD2d 958, affd on opn below 30 NY2d 622). With respect to the second factor necessary for the application of collateral estoppel, State Farm contends that it did not have a full and fair opportunity to contest the issue of its liability in that it was not allowed to introduce evidence of the building's faulty construction on the issue of East Hampton's contributory negligence. Although State Farm was barred from raising the issue during trial, it elected as a matter of strategy not to assert the issue on appeal *(East Hampton Dewitt Corp. v State Farm Mut. Auto. Ins. Co.,* 490 F2d 1234, 1237, *supra).* The record demonstrates not State Farm's lack of opportunity but rather its failure to take the opportunity available. Moreover, the issue of East Hampton's contributory negligence is irrelevant to plaintiff's claim against State Farm, which is founded upon the Warner litigation. In this regard, State Farm's argument in the Second Circuit that its negligence was not a cause of Warner's loss, was flatly rejected with the observation that the jury was clearly entitled to find to the contrary *(East Hampton Dewitt Corp. v State Farm Mut. Auto. Ins. Co.,* 490 F2d 1234, 1238, n 1, *supra).* (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.