CHARLES E. CARD et al., Respondents, v CARL POLITO et al., Respondents, and SHOWCO, INC., Appellant.

Fourth Department, December 17, 1976

*Cox, Barrell & Walsh (John P. Cox* of counsel), for appellant.

*Paul William Beltz, P. C. (Russell T. Quinlan* of counsel), for Charles E. Card and another, respondents.

*Edgar C. NeMoyer* for Carl Polito, respondent.

*O'Shea, Adamson, Reynolds & Napier* for Festival East Concerts, Inc., respondent.

DILLON, J. While loading a truck on July 6, 1974, Charles E. Card (plaintiff), an employee of KRC Associates, fell from the bed of the truck onto its tailgate and sustained injuries for which he brought suit against Carl Polito, who was operating the tailgate at the time of the occurrence; Festival East Concerts, Inc. (Festival), which may at the time have been Polito's employer; and Showco, Inc. (Showco), another possible employer of Polito, and also owner of the truck. The action of Philura Ann Card is derivative.

Plaintiffs' amended complaint, dated March 19, 1975, alleges that Polito was an employee of Festival and/or Showco, an allegation denied in the latter's amended answer. Festival also interposed an answer but the insurance carriers for both corporations, for reasons not revealed in the record, declined to afford coverage for Polito and refused to defend the action on his behalf. A default judgment in the amount of $95,032

was entered by plaintiffs against Polito on September 28, 1975 pursuant to CPLR 3215 (subds [a], [b]) without prior notice of the application therefor to either Festival or Showco, and without severance of the action against Polito.

Showco appeals from Special Term's denial of its motion for dismissal of the complaint, severance of the action against it, summary judgment or, in the alternative, an order vacating the default judgment against Polito; and from the direction by Special Term to the clerk to sever, *nunc pro tunc,* the default judgment from the action against Festival and Showco. Neither Polito nor Festival is a party to this appeal.

Showco contends that it was entitled to notice of an application for the default judgment and notice of an application for an order of severance of the action against Polito, and that it has been prejudiced by the entry of the default judgment. We disagree.

When a defendant has failed to appear or plead in an action, the plaintiff may seek a default judgment against him. If the claim is for a sum certain or for a sum which can by computation be made certain, the application for default may be made to the clerk (CPLR 3215, subd [a]). Where damages are unliquidated, however, the plaintiff must apply to the court for the default judgment (CPLR 3215, subd [a]) and the procedure to be followed in assessing damages is established by CPLR 3215 (subd [b]).

Notice of an application for a default judgment is not required when the judgment may be entered by the clerk, but when the application must be made to the court "any defendant who has appeared is entitled to at least five days' notice of the time and place of the motion" (CPLR 3215, subd [f], par 1). Showco argues that this language does not refer solely to the defaulting defendant, but rather, also refers to those other defendants who have appeared in a multiple defendant action.

In analyzing the notice provisions of CPLR 3215 (subd [f]), Weinstein-Korn-Miller states: "Paragraph 1 requires notice of the *motion for judgment* to any defendant who has appeared in the action *before defaulting* (or, if a year has elapsed since the default, even to a defendant who has not appeared)." (4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.29; emphasis supplied.)

Additionally, it does not appear that the enactment of CPLR 3215 (subd [f]) was intended to change the notice requirements which had existed under former rule 190 of the Rules of Civil

Practice (4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.29). Significantly, former rule 190 was entitled "Notice to defendant in default". It appears that the same conclusion has been reached by Professor Siegel in his Practice Commentaries to CPLR 3215 (subd [f]) which is entitled "Notice to the Defaulting Party". (McKinney's Cons Laws of NY, Book 7B, C3215:18 and C3215:19.) In any event, it is clear that a plaintiff has a right to judgment against a defendant in default, and notice to nondefaulting defendants would be of no avail to them as against the plaintiff. We conclude, therefore, that CPLR 3215 (subd [f], par 1) did not require that Showco be given notice of the application for the default judgment against Polito.

In support of its motion for summary judgment, Showco contends that the entry of the default judgment against Polito, without severance, terminated the action against all defendants. This result surely would have been compelled under former practice because, in such circumstances, the cause of action merges with the judgment *(Industrial Bank of Schenetady v Jack,* 6 AD2d 463; *Kriser v Rodgers,* 195 App Div 394; former Civ Prac Act, § 474), and indeed it would pertain here unless Special Term properly permitted severance *nunc pro tunc.* It is doubtful that a severance *nunc pro tunc* would have been permitted under former practice (see *Kriser v Rodgers, supra).*

CPLR 3215 (subd [a]) provides in relevant part: "Upon entering a judgment against less than all defendants, the clerk shall also enter an order severing the action as to them." While it may be argued that this language applies only to those cases where the default may be entered by the clerk without intervention of the court, the cases do not appear to make such a distinction *(Citibank Eastern, N. A. v Minbiole,* 50 AD2d 1052; *Thrift Credit Corp. v Harmony Playhouse,* 46 Misc 2d 385), and Professor Siegel concludes that the clerk must sever in either event unless the court has directed otherwise. "A court direction for a default against one of several defendants but silent as to severance should invoke the clerk's power to sever" (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, C3215:4, p 864; see, also, 5 Weinstein-Korn-Miller, NY Civ Prac, par 5012.02).

Thus, while the function of the clerk in severing is ministerial and mandatory, where a defendant can show that the severance, for reasons peculiar to the case, is unfair or prejudicial (cf. *Thrift Credit Corp. v Harmony Playhouse, supra),*

the default may be vacated (cf. *Citibank Eastern, N. A. v Minbiole, supra),* or the entry of judgment as to damages delayed (see *Sonnenthal v Hodes,* 11 AD2d 645; Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 3215, p 864).

Defendant's claim of prejudice is founded upon CPLR 1401, enacted in 1974 in response to *Dole v Dow Chem. Co.* (30 NY2d 143), which provides as follows: "Except as provided in section 15-108 of the general obligations law, two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought."

Showco asserts that Polito, against whom the default judgment was entered, now may assert a separate cause of action against it under CPLR 1403 and that on the trial thereof neither plaintiff's contributory negligence nor the assessment of damages as fixed by the default can be at issue.

It is unlikely that such a remedy exists for Polito but even assuming, without deciding, that Polito may be permitted to seek contribution in these circumstances, Showco's concern in this regard is unfounded. Neither plaintiff's contributory negligence nor the prior assessment of damages would be given *res judicata* effect, since Showco did not have a "full and fair opportunity" to litigate those issues *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see *Kiamesha Concord v Empire Mut. Ins. Co.,* 42 AD2d 449, affd on opn below 35 NY2d 776; *Stoughton v State Farm Mut. Auto. Ins. Co.,* 54 AD2d 602).

If plaintiff does not enforce his default judgment against Polito, and he need not, his action against Showco will proceed. If he is successful after trial, any judgment procured by plaintiff against Showco in that action will be fully enforceable against Showco. Since Polito had a "full and fair opportunity" to litigate the issues but chose to default, Showco will have a right to insist that the question of the proportionate responsibility of Polito and Showco be submitted to the jury so that Showco may have a legal determination of its right of indemnity, if any, against Polito, should plaintiff collect his judgment against Showco (see Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 3019, pp 273-274). Thus all of Showco's rights have been preserved and

neither the entry of the default judgment nor the granting of the severance has caused it any prejudice.

To the extent, as plaintiff seems to suggest, that defendant's claim of prejudice arises from its insurer's exposure to an action under section 167 of the Insurance Law, premised upon the insurer's disclaimer of coverage and refusal to assert a defense on behalf of Polito, it is equally unfounded. The issue remains to be litigated in any action against the company to compel payment by it of the judgment against Polito (cf. *Gallivan v Pucello,* 38 AD2d 876; *Manard v Hardware Mut. Cas. Co.,* 12 AD2d 29). If Showco's insurer has lawfully disclaimed as to Polito, there will be no liability for damages assessed against the insurer under Showco's policy. Should it be shown, however, that the disclaimer was unjustified, then "the insurer's position of having had damages fixed without its participation will be the consequence of its own unwarranted refusal to assume its obligation to defend the action" against Polito *(Gallivan v Pucello, supra).*

The order should be affirmed.

MOULE, J. P., CARDAMONE and WITMER, JJ., concur, SIMONS, J., not participating.

Order unanimously affirmed, with costs.