OPINION OF THE COURT
Myron E. Tillman, J.
The court has before it a motion to dismiss jointly and severally those parts of the complaint which demand punitive damages.
The motion was granted orally as to defendant City of Rochester, and the court reserved decision as to the individual defendants.
The amended complaint has two causes of action alleging that the plaintiff was assaulted and falsely arrested by City of Rochester police officers, and alleging specifically with regard to both causes of action that the defendant police officers were “acting within the scope and duty of their employment as police officers employed by the defendant City of Rochester.”
The defendants claim that where a plaintiff alleges action within the scope of employment, and the public official involved is covered by a broad statutory indemnification provision, then the municipality is the sole real party in interest and the immunity from punitive damages enjoyed by municipalities applies as well to the officer by necessary extension.
*84 In Sharapata v Town of Islip (56 NY2d 332), the Court of Appeals addressed the issue of punitive damages against the State and its political subdivisions and asserted a complete ban upon punitive damages. The defendants urge the court that the natural and logical extension of the Sharapata (supra) decision is to include those public officials acting within the scope of their employment whose employment falls within an emergency or public safety context, i.e., those employees included within the broader indemnification provisions of the General Municipal Law, for example, police officers, section 50-j; correction officers, second section 50-j; and medical professionals rendering services in publicly maintained institutions, section 50-d.
Section 18 of the Public Officers Law, authorizing municipalities to provide defense and indemnification to public employees for acts occurring within the scope of their employment contains a number of exclusions and, specifically, paragraph (b) of subdivision 4 — “Except as otherwise provided by law, the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee”; and paragraph (c) of subdivision 4 provides that a public entity is not authorized under section 18 to indemnify public employees against punitive or exemplary damages. No such exclusion for punitive damages is contained within the first section 50-j of the General Municipal Law, the relevant section herein. No such exclusions are contained within the broader indemnification provisions of the General Municipal Law. By negative implication, therefore, it can be argued that the Legislature would have excepted punitive damages from section 50-j if it had intended to do so. (Opns St Comp, 1980, Opn No. 80-695, p 188.)
In an action against the master and servant for a tort committed by the servant in the course of his employment, the liability is joint and several, but in the case of public officers, section 18 of the Public Officers Law, and in particular police officers, section 50-j of the General Municipal Law, the Legislature has provided that the public *85 entity shall assume the liability and hold harmless the individual liability of a police officer provided such police officer was acting in the performance of his duties and within the scope of his employment.
The plaintiff herein in his amended complaint alleges throughout that the police officers were acting within the scope of their employment. It would be idle, therefore, for the court to speculate and subsequently to deal with the issues that would be raised should it be determined at trial that the actions complained of were not within the scope of their employment. By the terms of the complaint, scope of employment is not in issue, and the case must be decided on this basis.
The defendant is correct in asserting that the municipality is the real party in issue when there is a tort action against a police officer to whom the municipality has a duty to indemnify. (Staffen v City of Rochester, 80 AD2d 16, 18-19; see, also, Yash Pal Gupta v Eygobrout, US Dist Ct, WDNY, Sept. 23, 1980, No. 80-251.) The Fourth Depart-" ment held to the same effect in construing section 50-b of the General Municipal Law in Fitzgerald v Lyons (39 AD2d 473, 474). It follows, therefore, that since the defendant City of Rochester is the real party in interest, the ban against punitive damages imposed by the Court of Appeals in Sharapata (56 NY2d 332, supra) applies to the individual police officers named in the case at bar acting-within the scope of their employment.
The motion to dismiss those parts of the complaint which demand punitive damages as to the individual defendants is, therefore, granted.