OPINION OF THE COURT
Martin Evans, J.
This deceptively simple motion for a default judgment, itself submitted on default, requires that the court reassess the notice requirements for entry of a default judgment under CPLR 3215. The motion raises constitutional questions of first impression.
Plaintiff Rivera, a bus dispatcher, sues Laporte, a correction officer, Colon, a former correction officer, and the City of New York for assault and battery, false arrest and imprisonment and malicious prosecution, arising from a traffic dispute. The city is claimed to be liable both as the employer of Laporte and Colon, and as a tort-feasor itself. *734 Plaintiff here moves for entry of a default judgment against Colon.
The allegations of the complaint[1] are substantially as follows:
On January 18, 1981, Rivera, in uniform and on duty, was driving an automobile on West 61st Street. A double-parked van occupied by Laporte, who was not in uniform, blocked Rivera’s passage. Rivera asked Laporte to move the van. Laporte responded with a wave of his hand. Rivera again asked Laporte to move. Laporte responded only with a “profane inquiry regarding where to put the van”. Rivera threatened to call the police, and Laporte repeated the “profane inquiry”. Laporte pushed Rivera, who had apparently left his vehicle; Rivera slipped on ice and fell. Laporte jumped on him, kicked and punched him, and struck him with a blunt instrument and a pair of handcuffs, shouting repeatedly that he was a police officer. Rivera lost consciousness. When Rivera regained consciousness, Laporte handcuffed and arrested him. Rivera and Laporte then encountered Colon, a co-worker of Laporte who, like Laporte, was not in uniform. Colon ran toward Rivera with a gun in his hand. Although Colon threatened violence, no further violence took place. Police officers arrived. Laporte and Colon identified themselves as correction officers and turned over Rivera to the police. After processing at the 20th Precinct, Laporte gave him a desk appearance ticket charging him with assault in the third degree, harassment, and resisting arrest. On November 16, 1981, Rivera was tried and acquitted.
In July, 1982 Rivera brought this action. All three defendants were apparently served. Laporte and the City of New York have appeared in the action, Colon has not. On the grounds that the time for Colon to appear has expired and Colon has not answered or moved with respect to the complaint, Rivera moves for a default judgment against him pursuant to CPLR 3215 (subd [a]). Notice of this motion was served on Laporte’s attorney, who has not submitted opposition papers. No notice has been served on either Colon or the City of New York.
*735 It is of no significance to the court’s decisional process that this motion has been submitted on default.
The submission of a motion on default does not impose upon the court a ministerial duty to grant whatever relief is demanded. Lack of opposition[2] does not deprive the court of the duty to exercise its inherent discretion. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.09 [Dec. 1982 Supp]; Howard Oil Co. v Morris, 90 Misc 2d 713.) The court’s responsibility to assure that justice is done is not qualitatively different on a default than it is on a fully litigated motion.[3] Thus, if proof is absent, insufficient, or untrustworthy, if proper procedure has not been followed, or service not made, or notice not timely given, where a valid cause of action is not stated, or if jurisdiction is absent, the moving party cannot presume entitlement to the requested relief, even on default. (See Kahn v Friedlander, 90 AD2d 868.) Similarly, even if there appears to be no opposition, the court should not exercise its power, whether common-law, statutory or inherent, in a manner or under circumstances where it could work an injustice to litigants, or even to nonparties (see Mansfield State Bank v Cohn, 58 NY2d 179); it cannot legally exercise its power where it would effect deprivation of a constitutional right.
Similarly immaterial here is the lack of notice to defend Colon, the subject of this motion. It is well established that such notice need not be given to a party in default for less than a year, who has not appeared, even if he is the party against whom entry of the default judgment is sought. (CPLR 3215, subd [f], par 1; see McClelland v Climax Hosiery Mills, 253 NY 533; Bleier v Koegler, 28 AD2d 835; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:18.) Colon was apparently validly served with process. Although he had notice of plaintiff’s claim, and was subject to the court’s jurisdiction and presumptively had airobligation to appear *736 and contest, he chose to default. He has placed nothing in issue — neither any of plaintiff’s claims, nor the power of the court to adjudicate them as to him. Neither the statute nor due process standards requires any further warning to him.
The city’s lack of notice, however, poses two significant questions: First, must notice of a motion for a default judgment be given to a codefendant who has appeared, and may be adversely affected by the judgment, even if no default judgment is being sought against that codefendant? Second, is the city entitled to the constitutional protection of the due process clause?
The notice provision of CPLR 3215 requires that a defendant who has appeared in an action be given at least five days’ notice of a motion for a default judgment. (CPLR 3215, subd [f], par 1.) Both a literal reading of the statute and overriding constitutional standards of due process dictate that the court hold that provision to require notice to all nondefaulting codefendants, whose interests may be affected, who have appeared in the action.
Only one other reported case has construed the requirements of this provision, albeit in a different context. In Card v Polito (55 AD2d 123), a corporation appealed a default judgment taken against an individual defendant who was apparently an employee of the nondefaulting codefendant corporation. The corporation claimed that it was entitled to notice of the motion for a default judgment and that its rights would be prejudiced if the default judgment were allowed to stand. The corporation’s claim of prejudice was premised on the possibility that it would be held liable to the worker for contribution under CPLR 1401. The Appellate Division, Fourth Department, held that the notice provision of CPLR 3215 applies only to the defendant against whom default judgment is sought. It concluded that notice of the motion to the corporation was not required, and that there had been no proof of prejudice. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.31.) The court there viewed the question exclusively as one of statutory interpretation. It regarded the current statute as merely a re-enactment of the equivalent provision of the former Rules of Civil Practice entitled “Notice to defendant *737 in default”. (Rules Civ Frac, rule 190.) There is no indication that any constitutional question had been raised in Card; none was considered.
The plain wording of the statute itself conflicts with the conclusion reached by the Fourth Department in Card v Polito (supra). Unlike former rule 190, CPLR 3215 (subd [f], par 1) contains no limitation, literal or contextual, to the defaulting party. The statute specifically states that “any defendant who has appeared is entitled to at least five days notice” (emphasis added). It is equally clear that the use of the word “any” was deliberate. One need only compare the wording of the immediately following paragraph, CPLR 3215 (subd [f|, par 2), which enables “the defendant who has failed to appear” to serve a demand for notice of the time of an assessment of damages. Because the Legislature decided to use those words of limitation in paragraph 2 and not in paragraph 1, the court must conclude that it intended no such limitation in paragraph 1. Thus, solely as a matter of statutory construction, it would appear that CPLR 3215 (subd [f], par 1) requires that notice of a motion for default judgment be given to all defendants who have appeared, whether or not subsequent action (or inaction) has placed them in default, and whether or not a default judgment is being sought against them.
Moreover, Card v Polito (supra), even if correctly decided, is distinguishable from the instant case. The possibility exists that the City of New York, the employer in the case at bar, may be held liable to indemnify its employees. While a judgment against Colon would ordinarily not be res judicata as against the city, it could have other consequences which would effectively deprive the city of a full and fair opportunity to defend on the merits. For example, the city has a statutory duty to indemnify a municipal employee for a judgment against him, provided that certain conditions have been met. (General Municipal Law, § 50-k.) The duty arises if the act from which the judgment arose occurred while the employee was acting within the scope of his public employment, in the discharge of his duties, and not in violation of the rules and regulations of his agency. The duty does not arise if the injury or damage *738 results from the employee’s intentional wrongdoing or recklessness. In addition, the duty is contingent upon the delivery of any process to the Corporation Counsel of the city by the employee within 10 days after the employee is served with it, and on the employee’s full co-operation in the defense of the action.
This court does not now have all relevant facts before it. It cannot state with certainty that the city will not ultimately be required to indemnify defendant Colon pursuant to section 50-k of the General Municipal Law. As such a requirement may be imposed, the city may well be the real party in interest.[4] (See Sadler v Horvath, 44 AD2d 905; Myers v City of Rochester, 116 Misc 2d 83.) Even if this case were decided under former law, or under Card v Polito (supra), justice and logic would require that the city receive notice of a motion for a default judgment against Colon. Without such notice, and the opportunity for informed examination of these issues which it would provide, no court can intelligently assess whether a default judgment should be entered. Conversely, without such participation by the nondefaulting codefendants, the court is in no position to assess whether or not they could be deleteriously affected by a default judgment, thus entitling them to notice of the application. This assessment, of course, is one which can only be made by the court. No party should be permitted to unilaterally limit either access to the court or the court’s sources of information. A plaintiff seeking a default judgment should not be permitted to determine who should receive notice, based on a subjective and in *739 complete analysis of how an inchoate judgment might affect another party. Thus, even in the absence of constitutional considerations, a prudent practitioner would, therefore, serve the notice of motion on each party that has appeared, and thereby obviate a later basis for challenging the judgment.
A contrary view would be inconsistent with basic standards of fundamental fairness and due process of law. The city is bound by these standards in its dealing with private parties; private parties should be bound by them in their dealings with the city. The city is a municipal corporation. Corporations are “persons” entitled to the protection of the due process clause of the Fourteenth Amendment. (Chicago Ry. Co. v Minnesota, 134 US 418; First Nat. Bank of Boston v Bellotti, 435 US 765, reh den 438 US 907.) Municipal corporations, e.g., the City of New York, should have the same procedural protection as business or not-for-profit corporations. As a creature of the State, a municipality cannot invoke rights under the Federal or State Constitutions in opposition to executive or legislative action of the State government. (Trenton v New Jersey, 262 US 182, 188; Williams v Mayor, 289 US 36, 40; cf. Hunter v Pittsburgh, 207 US 161, 178-179 [city not protected by contracts clause against State action]; see, generally, 2 McQuillin, Municipal Corporations [3d ed, 1979 revision], § 4.20.) The principle has its origin in the court’s 1890 declaration: “A municipal corporation is, so far as its purely municipal relations are concerned, simply an agency of the State for conducting the affairs of government, and as such it is subject to the control of the legislature.” (Williams v Eggleston, 170 US 304, 310.) It has been held inapplicable to litigation against the State by a municipality acting in a proprietary capacity (see Madison Metropolitan Sewerage Dist. v Committee on Water Pollution, 260 Wis 229) and to litigation against another governmental entity not the creator of the plaintiff subdivision. (See Township of River Vale v Town of Orangetown, 403 F2d 684 [municipality held to possess standing to challenge zoning change adopted by adjacent political subdivision in a bordering State].) This rule is logically inapplicable to litigation between a municipality and a private citizen.
*740 Where, as here, a municipality is a party to litigation not involving the State, the due process clause operates to guarantee the municipality the same protection as any other similarly situated litigant. (US Const, 14th Amdt; NY Const, art I, § 6; cf. City of Boston v Massachusetts Port Auth., 444 F2d 167 [city failed to sufficiently prove Federal due process claim under Fifth Amendment; court specifically did not pass on viability of Fourteenth Amendment claim].)
This court has the inherent power to interpret, modify or supplement statutorily provided procedures so as to protect the rights of parties, and obviate a finding of unconstitutionality. (Archer v Equitable Life Assur. Soc., 218 NY 18; Matter of Breen v Board of Trustees, 299 NY 8; Hirson v United Stores Corp., 263 App Div 646, affd 289 NY 564; 1 McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 146, 150; Evans and Stallman, Inherent Power, NYLJ, Nov. 24, 1982, p 6, col 1, nn 19, 20, 30, and authorities cited, in Evans and Stallman, Deferred Sentence: Common Law Alternative to Judge’s Dilemma, NYLJ, Nov. 22-30,1982.) Indeed, it has a duty to do so, if its interpretation is consistent with the statutory intent. The court therefore holds that CPLR 3215 requires service of the moving papers on all of the defendants who have appeared.
The motion for a default judgment against Colon is accordingly denied without prejudice to renewal on proper notice.

. The court does not, and cannot, pass on the accuracy or merit of these allegations.

. The absence here of opposition is not surprising. A default judgment against Colon would be res judicata only as to him and thus not binding on Laporte, the only party who had notice of this motion. Since Laporte would be unaffected by the granting of the judgment, he logically would have had no reason to oppose it.

. Indeed, the court’s task on a default frequently can be more difficult than on a litigated motion. Not only is the proof one-sided by definition, and usually self-serving, it is not subject to the informed challenge inherent in the adversary process. This is especially true where, as here, the application is virtually ex parte. (See n 2, supra.)

. Plaintiff’s grounds for an action against Colon, and through him the city, appear dubious at best. In particular, those parts of the complaint that relate to Colon’s conduct, and Rivera’s ensuing arrest and prosecution, rely heavily on allegations that would not amount to a cognizable claim, and on conclusions of law unsubstantiated by adequate factual allegations. It has not been demonstrated that Colon was on duty or acting in an official capacity at the time of the alleged altercation. While the complaint does contain a bare allegation that each is being sued in an official capacity, there is no factual basis even alleged in the complaint which would support that conclusion. Moreover, from the recitation in the complaint, it is difficult to envision how either Colon or the city could be held individually, jointly or vicariously liable for the acts alleged. Were it not for the liberal construction of pleadings mandated by CPLR 3026, the complaint might be dismissed as against Colon and the city. Thus a default judgment should be withheld not only because of potential prejudice and lack of statutory compliance; at this time it seems likely that no valid cause of action exists as against Colon or the city. No motion, however, has been directed against the complaint. Nevertheless, based only on the moving papers, it cannot be said that no possible cause of action against Colon or the city might be made out at a later stage of the proceedings.