■ CONSTANCE KIRISITS, as Adoptive Mother and Guardian of SHERILYNN M. KIRISITS, an Infant, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 77401.)—Order unanimously reversed on the law with costs and motion granted. Memorandum: The infant claimant appeals from an order denying her motion for partial summary judgment in her action to recover damages for developmental difficulties stemming from gestational deprivation allegedly resulting from the State's negligence. As found in a previous action against the State, the claimant's mother, while pregnant with claimant, was severely injured as a result of the State's negligent maintenance of a guardrail *(Kirisits v State of New York,* 107 AD2d 156). In denying the infant claimant's motion for summary judgment, the court refused to accord collateral estoppel effect to that judgment, and also apparently found that claimant had not sustained her burden of demonstrating, as a matter of law, that her injuries were caused by the State's negligence.

Claimant is entitled to partial summary judgment. The State is precluded from relitigating issues common to this claim and the prior claim: the State's negligence in maintain-

ing the guardrail; claimant's mother's freedom from contributory negligence; the absence of negligence by any third party; and the causal relationship between the State's negligence and the mother's injuries. Those issues were necessarily decided in the prior action, and the State had a full and fair opportunity to litigate them *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69).

Moreover, although the prior action did not involve the causal relationship between the State's negligence and claimant's injuries, that issue was addressed by competent medical proof adduced on claimant's summary judgment motion. The attesting physician averred that, because the accident occurred when claimant's mother was six weeks pregnant and caused her to be comatose for the duration of her pregnancy, the mother's injuries "severely compromised the intrauterine well-being and gestational environment" of claimant at a "critical time in her development" and thus, to a reasonable degree of medical certainty, claimant's developmental problems were "causally related to and were brought about by" the injuries sustained by claimant's mother as a result of the accident. Claimant sustained her burden of demonstrating entitlement to judgment as a matter of law on the issue of causation and the State failed to adduce any medical proof in opposition. Thus, claimant is entitled to partial summary judgment on liability. (Appeal from order of Court of Claims, NeMoyer, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.