■ REGINALD G. BROOKS, Appellant-Respondent, v GREEN'S APPLIANCES, INC., et al., Respondents-Appellants. [686 NYS2d 533] —Carpinello, J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered January 20, 1998 in Rensselaer County, which, *inter alia*, partially granted plaintiff's motion for summary judgment.

On June 15, 1993, plaintiff was driving his motorcycle through the intersection of State and Pearl Streets in the City of Albany when he collided with a delivery truck owned by defendant Green's Appliances, Inc. and operated by defendant Russell C. Bradley. Plaintiff and his passenger, Donna Clark, commenced separate negligence actions against defendants to recover for their personal injuries. Clark's lawsuit, in which plaintiff was named as a third-party defendant, was tried first. The jury found that plaintiff and defendants were negligent and apportioned liability for the $329,291 in damages at 5% and 95%, respectively. Notably, defendants did not appeal from this judgment.

Following the jury's verdict, plaintiff moved in this action to collaterally estop defendants from relitigating the issues of liability and apportionment of fault. Alternatively, he sought summary judgment on the issue of liability. Supreme Court denied plaintiff's application to apply the collateral estoppel doctrine but partially granted him summary judgment on liability and directed a trial on apportionment of fault and damages only. These cross appeals ensued.

As the party seeking the benefit of the collateral estoppel doctrine, it was plaintiff's burden to prove that the issues in the present action are identical to those necessarily decided in the prior action (*see, Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501). Plaintiff has clearly demonstrated that certain issues raised in this action—the respective negligence and apportion-

ment of liability of the parties arising from the June 15, 1993 collision—were squarely addressed and specifically decided, primarily against defendants, in the prior action (*see, Shanley v Callanan Indus.*, 54 NY2d 52; *Kirisits v State of New York*, 163 AD2d 860, 861). Defendants, we note, do not seriously dispute the identity of issues between the two cases.

As the party opposing collateral estoppel, it was defendants' substantial burden to establish that they were not afforded a full and fair opportunity to litigate these issues in the prior action (*see, Matter of Hee K. Choi v State of New York*, 74 NY2d 933, 936; *Ryan v New York Tel. Co.*, *supra*, at 501). Plainly, defendants were full participants in the prior action during the trial of which they attempted to cast blame for the accident on plaintiff (*see, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65; *compare, Armstrong v Bucci*, 153 AD2d 652; *Ray v Kramer*, 109 AD2d 1087). They were only minimally successful. Moreover, defendants' incentive to vigorously oppose any findings of negligence against them was no less there than it would be in the present action (*see, Schwartz v Public Adm'r of County of Bronx*, *supra*, at 72).

The crux of defendants' contention that they were denied a full and fair opportunity to litigate these issues is based on an adverse ruling rendered against them in the prior action, namely that they were precluded from offering the expert testimony of the police officer who investigated the accident. The officer allegedly concluded that plaintiff was traveling in a "Right Turn Only" lane before entering the intersection and cited him for this alleged traffic violation. Specifically, defendants contend that "[h]ad they been provided the opportunity to fully and fairly present the issue of liability to the jury [in the prior action], the jury's determination of liability and apportionment of fault would have been different". This argument, however, constitutes a collateral attack on a judgment from which defendants took no appeal (*see, Shaid v Consolidated Edison Co.*, 95 AD2d 610, 615). Thus, it was not that defendants lacked the opportunity to fully litigate this issue; rather, by not appealing they failed to take advantage of an available opportunity in the course of that litigation (*see, Stoughton v State Farm Mut. Auto. Ins. Co.*, 54 AD2d 602, 604). Neither the decision not to appeal, nor the adverse ruling itself, translates into a lack of a full and fair opportunity to litigate.

Furthermore, although defendants claim that the jury in the prior case "never heard the critical testimony that [plaintiff] was traveling in the 'Right Hand Turn Only' lane" prior to

entering the intersection, this is simply inaccurate. The issue of whether plaintiff was traveling in the turning lane was presented to the jury through the trial testimony of plaintiff and Bradley. Plaintiff denied that he was traveling in this lane, which was countered by Bradley's testimony that, although plaintiff did not make a right turn onto State Street, he was nevertheless traveling in that lane. With respect to defendants' claim that they were denied a full and fair opportunity to litigate in the prior action because the jury "was not permitted to hear" that plaintiff had been issued a traffic citation following the accident, we make two brief points. First, defendants could have, but did not, cross-examine plaintiff on this subject. Moreover, it went unrefuted in the papers before Supreme Court that this ticket was in fact dismissed.

In sum, "where it can be fairly said that a party has had a full opportunity to litigate a particular issue, [that party] cannot reasonably demand a second one" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 69, *supra*). Such is the case here. We agree with plaintiff's contention that the collateral estoppel doctrine bars relitigation of the issues of liability and apportionment of fault (*see, Shanley v Callanan Indus.*, 54 NY2d 52, *supra*; *Harrison v Stanton*, 253 AD2d 537; *Kirisits v State of New York*, 163 AD2d 860, 861, *supra*). This case should proceed with an assessment of damages only.

The parties' contentions concerning whether summary judgment should have been granted have been rendered academic and need not be addressed.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on the issue of liability and denied plaintiff's motion to apply the collateral estoppel doctrine, and, as so modified, affirmed.