■ WARD W. INGALSBE, JR., Respondent, v CHICAGO INSURANCE COMPANY et al., Defendants, and BERTHOLON-ROWLAND CORPORATION, Appellant. [731 NYS2d 782] —Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered April 4, 2001 in Ulster County, which denied defendant Bertholon-Rowland Corporation's motion for summary judgment dismissing the complaint against it.

In our prior decision (270 AD2d 684, *lv dismissed* 95 NY2d 849), we agreed with Supreme Court's conclusion that, under the facts presented, no legal malpractice coverage was available to plaintiff from either defendant Home Insurance Company (his insurer when the alleged malpractice occurred) or defendant Chicago Insurance Company (his insurer when the claim was made). We disagreed, however, with Supreme Court's conclusion that the doctrine of equitable estoppel applied to prevent the insurers from disclaiming coverage. Central to our decision was the determination that the insurance advertisement flyer sent to plaintiff by defendant Bertholon-Rowland Corporation (hereinafter B-R) contained no false or misleading information concerning continued coverage and that plaintiff was unable to demonstrate any prejudicial change of position based upon the conduct of any defendant (*id.*).

Asserting that our determination is dispositive of the causes of action asserted against it by plaintiff—causes of action claiming a breach of fiduciary duty and fraudulent and/or negligent misrepresentation of material facts—B-R moved for summary judgment. Supreme Court denied the motion because our previous decision did not completely dismiss the claims against

Chicago Insurance and Home Insurance and because Supreme Court found that the motion was premature since the parties had not conducted discovery (*see,* CPLR 3212 [f]). B-R appeals.

We reverse. The findings contained in our previous decision are binding upon these parties (*see, Brooks v Green's Appliances,* 259 AD2d 893, 893-894). Our finding that the statements contained in B-R's flyer were not false or misleading is fatal to plaintiff's fraud cause of action (*see, Flora v Kingsbridge Homes,* 214 AD2d 834, 836). Also, plaintiff relies upon the allegedly false statements to establish B-R's breach of its fiduciary duty. Without a false statement, plaintiff's claims for breach of fiduciary duty and negligence both fail (*see, Kampff v Ulster Sanitation,* 280 AD2d 797). Moreover, plaintiff does not now assert that any different representations than those considered in our previous decision were false, leading to the conclusion that no evidence exists sufficient to create any triable issue of fact sufficient to defeat B-R's motion for summary judgment. In so holding, we are not overlooking plaintiff's assertion in his brief that B-R was negligent in failing to warn him of the substantial risk of a gap in coverage upon changing insurance providers. This theory of negligence was not pleaded, is not supported by any facts in the record and, in any event, was not argued before Supreme Court so it is not preserved for our review.

Finally, we disagree that the motion for summary judgment was premature due to the lack of discovery. First, plaintiff failed to avail himself of a time interval of several months between our first decision and B-R's motion for summary judgment during which discovery could have been conducted. Second, plaintiff has failed to demonstrate that discovery is necessary to obtain facts in the sole possession of B-R (*see,* CPLR 3212 [f]). Third, since plaintiff does not plead or argue that B-R made any material misrepresentations or false statements other than those previously considered by this Court, we cannot conclude that the motion is premature.

Cardona, P. J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Bertholon-Rowland Corporation and complaint dismissed against said defendant.