■ URBAN EQUITY PARTNERS, LLC, Appellant, v DENNIS ARI-BISALA et al., Defendants, and LESLIE WINDSOR, Respondent. [39 NYS3d 224]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 9, 2015, as denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant Leslie Windsor and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 17, 2005, the defendant Dennis Aribisala entered into a line of credit agreement with National City Bank (hereinafter National City). The agreement provided that Aribisala would have a line of credit in the amount of $166,600 that he could use to obtain cash advances from National City for a period of up to 10 years. At the same time, Aribisala executed a credit line mortgage in favor of National City with respect to real property that was then owned by Aribisala.

In December 2014, the plaintiff commenced this action to foreclose on the mortgage. The defendant Leslie Windsor, who by then was the record owner of the property, was the only defendant to answer the complaint. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Windsor and for an order of reference. The Supreme Court, among other things, denied those branches of the plaintiff's motion.

" 'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default' " (*Wells Fargo Bank, N.A. v Ranalli*, 140 AD3d 1156, 1157 [2016], quoting *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]). "[A] mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (*U.S. Bank N.A. v Akande*, 136 AD3d 887, 889 [2016]; *see Copp v Sands Point Mar.*, 17 NY2d 291, 293 [1966]). Here, in support of its motion, the plaintiff did not submit any note, or any other admissible evidence showing that Aribisala owed an obligation that could be foreclosed upon (*cf. KeyBank N.A. v Chapman Steamer Collective, LLC*, 117 AD3d 991 [2014]; *Signature Bank v Epstein*, 95 AD3d 1199, 1200 [2012]; *Valley Sav. Bank v Rose*, 228 AD2d 666 [1996]). The line of credit agreement submitted by the plaintiff merely indicated that Aribisala had a line of credit that he could use to obtain cash advances from National City. The plaintiff presented no evidence that Aribisala actually received any such cash advances. Accordingly, the plaintiff failed to meet its prima facie burden, and the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Windsor and for an order of reference.

The plaintiff's remaining contentions are without merit, or are not properly before us, having been raised for the first time in its reply papers (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 206 [2009]). Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.