Lancer Ins. Co. v Fishkin (2022 NY Slip Op 06921)

Lancer Ins. Co. v Fishkin

2022 NY Slip Op 06921

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-09268
 (Index No. 608281/19)

[*1]Lancer Insurance Company, appellant-respondent,
v
Zair Fishkin, etc., respondent-appellant.

Hollander Legal Group, P.C., Melville, NY (Allan S. Hollander and Brian Kaufman of counsel), for appellant-respondent.
The Wright Firm, LLC, Rochester, NY (Ronald F. Wright of counsel), for respondent-appellant.

DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated October 8, 2020. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendant. The order, insofar as cross-appealed from, denied the defendant's motion to change venue of the action to Monroe County based upon the convenience of material witnesses.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, and the plaintiff's motion for leave to enter a default judgment against the defendant is granted; and it is further,
ORDERED that the cross appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, a no-fault insurance carrier, denied claims for reimbursement for medical treatment submitted by the defendant, a medical provider. Subsequently, the defendant commenced arbitration and was awarded the sum of $10,029.73. The plaintiff sought review of the award and the award was confirmed by a master arbitrator. The plaintiff thereafter commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, in Nassau County, premised on the location of its headquarters and principal place of business. In the complaint, the plaintiff asserted that the defendant was not entitled to reimbursement as the services provided by the defendant were not medically necessary and were not related to the subject motor vehicle accident.
The plaintiff moved for leave to enter a default judgment against the defendant based upon the defendant's failure to timely answer the complaint or appear in this action. The defendant failed to oppose the motion. Almost two months later, the defendant moved to change venue of the action to Monroe County pursuant to CPLR 510(3), based upon the convenience of material witnesses. The plaintiff opposed the motion, contending that it was untimely and unsupported on [*2]the merits. In an order dated October 8, 2020, the Supreme Court denied both motions. As to the plaintiff's motion, the court, in its discretion, found that the issuance of an award in the defendant's favor, in light of the overall policy in favor of the resolution of litigation on the merits, warranted denial of the plaintiff's motion. As to the defendant's motion, the court determined that the defendant failed to satisfy any of the criteria set forth in CPLR 510(3). The plaintiff appeals and the defendant cross-appeals.
Pursuant to CPLR 3215(f), "[a]n applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Countrywide Home Loans Servicing, L.P. v Vorobyov, 188 AD3d 803, 806; see Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C., 170 AD3d 1125, 1126; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine if the claim is viable (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; Fried v Jacob Holding, Inc., 110 AD3d at 60; Neuman v Zurich N. Am., 36 AD3d 601, 602).
"In order to successfully oppose a motion for leave to enter a default judgment, a defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action" (Maldonado v Mosquera, 186 AD3d 1352, 1353). Where the defendant fails to demonstrate a reasonable excuse for its default, the court need not consider whether the defendant possesses a potentially meritorious defense to the action (see OneWest Bank v Schiffman, 175 AD3d 1543, 1545). "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Rosenzweig v Gubner, 194 AD3d 1086, 1088 [internal quotation marks omitted]).
In support of its motion, the plaintiff submitted proof of service of the summons and complaint via delivery to an employee at the defendant's actual place of business (see CPLR 308[2]). In further support, the plaintiff submitted its attorney's affirmation, inter alia, attesting to the defendant's failure to answer or appear in this action, thereby admitting all traversable allegations (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see also Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C., 170 AD3d at 1126). The plaintiff also submitted, inter alia, a copy of the complaint verified by its counsel, its expert's affirmed peer review, and the arbitration award and the master arbitration award affirming the original arbitration award, which were sufficient to establish that the plaintiff had a viable cause of action against the defendant (see Woodson v Mendon Leasing Corp., 100 NY2d at 71; Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C., 170 AD3d at 1126).
Because the defendant failed to oppose the plaintiff's motion, he failed to meet his burden of establishing a reasonable excuse. Accordingly, the Supreme Court's denial of the plaintiff's motion for leave to enter a default judgment against the defendant was an improvident exercise of discretion, and the plaintiff's motion should have been granted.
In light of our determination, the cross appeal has been rendered academic.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court