Barnett v Berkowitz (2023 NY Slip Op 03286)

Barnett v Berkowitz

2023 NY Slip Op 03286

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 654313/18 Appeal No. 480 Case No. 2022-05083 

[*1]Jared Barnett, Plaintiff-Respondent,
v
Seth Berkowitz, Defendant-Appellant.

Moses & Singer LLP, New York (Howard A. Fischer of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York (Roger Juan Maldonado of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered September 2, 2022, which, to the extent appealed from, denied defendant Seth Berkowitz's motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, with costs.
The court properly found that plaintiff Jared Barnett's interpretation of the Retained Seller Benefit provision in the parties' buy-out agreement  and particularly the meaning plaintiff ascribed to the phrase "bona fide third- party purchaser"  was reasonable. In the face of this potential ambiguity, the court properly denied summary judgment to defendant (Casler Masonry, Inc. v Barr & Barr, Inc., 118 AD3d 609, 609-610 [1st Dept 2014]). There remain factual issues surrounding whether the June 2015 transaction of defendant's class B-4 interests was made to a neutral party for fair value.
Defendant's focus on the separate issue of whether the B-4 units that Berkowitz sold in the June 2015 transaction were the only equity interests he held at the time of the buy-out agreement also does not compel reversal. Defendant goes to great lengths to explain how and why the equity he held as of the date of the buy-out Agreement was restructured entirely as the B-4 units disposed of in the June 2015 transaction. However, this clearly presents a factual issue that is not conclusively resolved on this record.
The court also properly preserved plaintiff's claim premised on the duty of good faith and fair dealing. Even if a party has not expressly breached a contract, it may breach the implied duty of good faith where it exercises a contractual right as part of a scheme to deprive the other party of the benefit of its bargain (see e.g. Richbell Info. Servs. v Jupiter Partners, L.P., 309 AD2d 288, 302 [1st Dept 2003]). Plaintiff's breach of the implied covenant claim was not duplicative because it seeks redress for separate injuries: the breach of contract claim alleges that Berkowitz failed to pay the Retained Seller Benefit, while the breach of covenant claim maintains that (even assuming technical compliance with the buy-out agreement) the dollar amount of the Retained Seller Benefit should have been more. The court also properly found that it could not conclusively determine that any aspect of the breach of covenant claim was time-barred.
We have considered defendant's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023