Lein Realty Corp. v Weinfeld (2024 NY Slip Op 50949(U))

[*1]

Lein Realty Corp. v Weinfeld

2024 NY Slip Op 50949(U)

Decided on July 23, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2024
Supreme Court, Westchester County

Lein Realty Corporation, Plaintiff,

against
Yitzchok Weinfeld and ICONIC TITLE AGENCY LLC, Defendants.

Index No. 55858/2024

Matthew D. Schwarz, Esq.
Attorney for plaintiff
Samuel Katz, Esq.
Attorney for defendant Yitzchok Weinfeld

Robert S. Ondrovic, J.

In an action for, inter alia, breach of contract in connection with a dispute regarding a real estate purchase and sale agreement, the plaintiff Lein Realty Corporation ("plaintiff") moves for an order granting it summary judgment on the Complaint insofar as asserted against the defendant Yitzchok Weinfeld ("Weinfeld"), and for a default judgment against the defendant Iconic Title Agency LLC ("Iconic Title"). The following papers were considered in connection with the plaintiff's motion:
PAPERS NUMBERED
Notice of Motion, Schwarz Affirmation, Quain Affidavit, Exhibits A — K 1 — 14
Katz Affirmation in Opposition, Weinfeld Affirmation in Opposition 15 — 16
Schwarz Affirmation in Reply, Exhibits A — D 17 — 21
Background
On January 18, 2024, the plaintiff commenced this action by its filing of a Summons and Complaint naming as defendants Weinfeld and Iconic Title (see NYSCEF Doc. Nos. 1-3). In sum [*2]and substance, the Complaint alleges that by way of a Purchase and Sale Agreement dated March 15, 2022 and entered into between the plaintiff and Weinfeld (the "Contract"), the plaintiff agreed to sell to Weinfeld for $3.5 million the property located at 9, 19 and 23 Saw Mill River Road in Yonkers (the "Property") (see NYSCEF Doc. No. 1 at ¶¶ 1-14). It alleges that pursuant to the Contract, Weinfeld deposited with Iconic Title the sum of $200,000 to be held in escrow by Iconic Title, and that the Contract provided that the closing for the Property would occur within 60 days from the execution thereof (id.). The Complaint further alleges that the plaintiff and Weinfeld subsequently entered into an amendment to the Contract (the "Amendment"), by which Weinfeld agreed to deposit the additional sum of $50,000 to be held in escrow by Iconic Title, and that the Amendment provided that the date for closing of the Property would be June 30, 2022, with "TIME BEING OF THE ESSENCE as against the Purchaser" (id.). It alleges that by June 30, 2022, the plaintiff was ready, willing and able to deliver the Property to Weinfeld, but that Weinfeld failed to close on June 30, 2022 (id.). The Complaint further alleges that the parties subsequently entered into a second amendment to the Contract (the "Second Amendment"), which set August 15, 2022 as the adjourned closing date with a "TIME BEING OF THE ESSENCE" clause, and which directed Iconic Title to release to the plaintiff $125,000 from the sums being held in escrow pursuant to the Contract and the Amendment (id.). It alleges that Weinfeld failed to close on the Property on August 15, 2022 despite the being plaintiff ready, willing and able to timely deliver it to Weinfeld, and that Iconic Title has failed and refused to release the sum of $125,000 to the plaintiff as required by the Second Amendment (id.). Based upon the foregoing allegations, the Complaint asserts: (1) a first cause of action for breach of contract against both defendants; (2) a second cause of action for attorneys' fees against Weinfeld; and (3) a third cause of action sounding in claims of both breach of contract and breach of fiduciary duty against Iconic Title (id. at ¶¶ 15-43).
On February 29, 2024, Weinfeld interposed an Answer in which he, inter alia, denied the materials allegations of the Complaint, raised 20 affirmative defenses thereto, and asserted a counterclaim seeking an award of attorneys' fees pursuant to the Contract (see NYSCEF Doc. No. 8). On March 12, 2024, the plaintiff filed a Reply in which it, inter alia, denied the material allegations of Weinfeld's counterclaim (see NYSCEF Doc. No. 9).
Despite being served with a copy of the Summons and Complaint on February 12, 2024 (see NYSCEF Doc. No. 6), Iconic Title has not furnished a responsive pleading and nor has it appeared in this action by counsel. 
The plaintiff now moves (seq. no. 1) for summary judgment against Weinfeld with respect to the first and second causes of action and for a default judgment against Iconic Title in connection with the first and third causes of action (see NYSCEF Doc. Nos. 10-23). In support of its motion, the plaintiff submits an affirmation from its counsel, which contains the plaintiff's legal arguments and which attaches copies of the pleadings and documentary evidence including the Contract, the Amendment, and the Second Amendment [FN1]
(see NYSCEF Doc. Nos. 11; 13-23). The plaintiff argues [*3]that it is entitled to summary judgment in its favor on the first cause of action as against Weinfeld on the ground that it has established that Weinfeld materially breached the Contract by failing to timely close on the Property by the dates respectively listed in the Amendment and the Second Amendment, each of which modified the Contract (see NYSCEF Doc. No. 11). It further contends that it should be awarded a default judgment against Iconic Title regarding the first cause of action because the plaintiff has established that Iconic Title materially breached the Second Amendment by failing and refusing to issue to the plaintiff the sum of $125,000 as required by the Second Amendment, and Iconic Title has failed to furnish a responsive pleading herein (id.). The plaintiff also argues that it should be awarded summary judgment against Weinfeld in connection with the second cause of action on the ground that Weinfeld materially breached his obligations under the Contract, and Article 10.20 thereof provides that the prevailing party in an action commenced as a result of a breach of the Contract is entitled to recover its reasonable attorneys' fees (id.). The plaintiff further asserts that it should be awarded a default judgment against Iconic Title concerning the third cause of action because Iconic Title has materially breached the Second Amendment and breached its fiduciary duty to the plaintiff by refusing to tender to the plaintiff the contractually obligated sum of $125,000, and Iconic Title has not furnished a responsive pleading and is in default herein (id.). The plaintiff also contends that Weinfeld's affirmative defenses should be stricken from his Answer because they are not pled with particularity in accordance with CPLR 3013 (id.).
In support of its motion, the plaintiff also submits an affidavit from its President, Mitchell Quain ("Quain") in which he avers that he has personal knowledge of the relevant facts (see NYSCEF Doc. No. 12). However, besides incorporating by reference the averments of his counsel and reiterating the relief sought by the plaintiff on this motion, Quain's affidavit includes only one substantive sentence in which he avers: "[t]his shall serve to confirm that as stated in said [counsel's] Affirmation the Plaintiff was ready, willing, and able to perform its obligations under the Contract of Sale, but for Defendant Weinfeld's failure to comply with his obligations, despite the agreement that his obligation to comply was TIME IS OF THE ESSENCE, which I am advised means that if he failed to comply, he was in default of the Contract" (id. at ¶ c).
In opposition to the plaintiff's motion, Weinfeld submits an affirmation based upon his personal knowledge in which he avers that he entered into the Contract, the Amendment, and the Second Amendment, and deposited a total sum of $250,000 with Iconic Title in connection with same (see NYSCEF Doc. No. 30). Weinfeld avers that the contractual documents do not include a provision expressly stating that if he fails to close on the Property, the plaintiff is entitled to recover such monies, and that the "TIME IS OF THE ESSENCE" clause in the Second Amendment is ambiguous because it cites both August 15, 2022 and August 16, 2022 as possible closing dates (id.).
Weinfeld in opposition to the plaintiff's motion also furnishes an affirmation from his counsel, which includes Weinfeld's legal arguments (see NYSCEF Doc. No. 29). In particular, Weinfeld contends that the plaintiff's summary judgment motion should be denied because the plaintiff failed to lay a proper foundation for the documentary evidence annexed to the plaintiff's counsel's affirmation, which counsel lacks personal knowledge thereof (id.). Weinfeld further asserts that the plaintiff's motion should be denied in its entirety because neither the Contract nor the Amendment or the Second Amendment state that the plaintiff is entitled to recover the sums deposited by Weinfeld in the event of the failure to close on the Property, and that in the absence of any such language, the plaintiff has not established its entitlement to such funds where, as here, there is a dispute as to which party, if any, breached the agreements (id.). Weinfeld also argues that [*4]the plaintiff has not established, prima facie, that it was ready, willing and able to close on the Property because the plaintiff has furnished no evidence demonstrating its compliance with Article 5.1(m) of the Contract, which requires that the plaintiff obtain a "Final Water Meter Reading dated no earlier than 15 days prior to Closing" (id.). Weinfeld further contends that the time of the essence language contained in the Second Amendment is ambiguous because it cites both an August 15, 2022 and an August 16, 2022 deadline for closing, reflecting that summary judgment is unwarranted on this record (id.). Weinfeld also asserts that the plaintiff is not entitled to summary judgment on the second cause of action, as it is not the prevailing party in this action and therefore is not entitled to recover any attorneys' fees from Weinfeld [FN2]
(id.).
In a reply affirmation from its counsel, the plaintiff submits additional documentary evidence in support of its summary judgment motion (see NYSCEF Doc. Nos. 31-35). In counsel's reply affirmation, the plaintiff argues that notwithstanding the lack of a contractual provision on point in the Contract, the common law dictates that where a purchaser defaults on a real estate contract, the seller is entitled to damages (see NYSCEF Doc. No. 31). The plaintiff further contends that the Amendment and the Second Amendment are incorporated by reference into the Contract, and therefore the Contract should be read to include a "TIME IS OF THE ESSENCE" clause that was breached by Weinfeld in failing to timely close on the Property (id.). The plaintiff also asserts that there is no triable issue of fact concerning the water meter reading for the Property, as the Amendment and the Second Amendment imposed the responsibility for the water meter upon Weinfeld, who was obligated to pay all adjustments for water for the Property from May 16, 2022 through the adjourned closing date of August 15, 2022 (id.). As such, the plaintiff concludes that its motion for summary judgment against Weinfeld should be granted entirely, as should its unopposed motion for a default judgment against Iconic Title [FN3]
(id.).
Analysis
The legal standards to be applied in evaluating a motion for summary judgment pursuant to CPLR 3212 are well-settled. "Summary judgment is a drastic remedy, to be granted only where the moving party has 'tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact' and then only if, upon the moving party's meeting of this [prima facie] burden, the non-moving party fails 'to establish the existence of material issues of fact which require a trial of the action'" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (Vega, 18 NY3d at 503, quoting Ortiz v Varsity [*5]Holdings, LLC, 18 NY3d 335, 339 [2011]). "[S]ummary judgment is appropriate 'where only one conclusion may be drawn from the established facts'" (Jones v St. Rita's R.C. Church, 187 AD3d 727, 729 [2d Dept 2020], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]), or where a cause of action and/or the type of damages sought "fails as a matter of law" (Ramos v Howard Indus., Inc., 10 NY3d 218, 224 [2008]; see also M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 881, 882 [2d Dept 2020]).
Having reviewed the parties' submissions, the Court determines that the plaintiff has failed to establish prima facie entitlement to summary judgment as against Weinfeld with respect to the first cause of action for breach of contract,[FN4]
which is grounded in the allegation that Weinfeld materially breached the Contract by failing to timely close on the Property by the dates respectively listed in the Amendment and the Second Amendment, each of which modified the Contract (see NYSCEF Doc. No. 1 at ¶¶ 15-21).
There are three principal deficiencies in the plaintiff's submissions which require the denial of its summary judgment motion. First, the plaintiff's submissions are comprised of an affirmation from its counsel who lacks personal knowledge of the relevant facts, as well as a terse affidavit from Quain, who avers as to his personal knowledge of the underlying facts as the plaintiff's President (see NYSCEF Doc. Nos. 11-12). However, as noted above, Quain's affidavit merely incorporates by reference the averments of his counsel — which counsel lacks personal knowledge of the underlying facts — and reiterates the relief sought by the plaintiff herein (see NYSCEF Doc. No. 12). Furthermore, the only quasi-substantive sentence in Quain's affidavit is conclusory and again references his counsel's averments, noting that "as stated in said [counsel's] Affirmation the Plaintiff was ready, willing, and able to perform its obligations under the Contract of Sale, but for Defendant Weinfeld's failure to comply with his obligations, despite the agreement that his obligation to comply was TIME IS OF THE ESSENCE, which I am advised means that if he failed to comply, he was in default of the Contract" (id. at ¶ c). 
As such, the Quain Affidavit is conclusory, almost entirely devoid of substance, and does not establish, prima facie, that Weinfeld materially breached the Contract as modified by the Amendment and the Second Amendment (see P.D. v County of Suffolk, 2024 NY App. Div. LEXIS 3487, *13 [2d Dept June 20, 2024] (holding that the movant's "conclusory assertions . . . were insufficient to meet its burden of establishing, prima facie" entitlement to summary judgment); Zeldin v Larose, 223 AD3d 858, 859 [2d Dept 2024] (affirming the denial of summary judgment and stating that "'[a] conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment"), quoting Beauvoir v Samuel, 204 AD3d 741, 742 [2d Dept 2022]; Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 599 [2d Dept 2023] (finding that the movant "failed to establish its prima facie entitlement to judgment as a matter of law because it submitted only a self-serving and conclusory affidavit from its president in support of its motion" and holding that summary judgment "was properly denied, regardless of the sufficiency of the plaintiff's opposition papers")).
Second, the plaintiff is further not entitled to summary judgment concerning the first cause of action because the Contract does not state that in the event that Weinfeld fails to close on the Property, that the plaintiff is entitled to recover the sums deposited with Iconic Title (see NYSCEF Doc. No. 19). Rather, Article 1.5(a) of the Contract provides as follows:
Down Payment. Simultaneously with the execution and delivery of this Agreement, Purchaser shall deliver to Seller's attorney, as Escrow Agent, by check or wire, subject to collection, the sum of Two Hundred Thousand and No/100 Dollars ($200,000.00) (the "Down Payment") made payable to ICONIC TITLE AGENCY, as Escrow Agent. The Down Payment shall be placed in an IOLA account and held and released in accordance with the terms set forth in Article IX hereof (see NYSCEF Doc. No. 19 at Art. 1.5[a]).
Critically, the above-referenced Article IX does not include any provision stating that a failure by Weinfeld to close on the Property entitles the plaintiff to recover this $200,000 down payment (see NYSCEF Doc. No. 19 at Art IX). The most relevant provision thereof is Article 9.1(b), which states:
The Escrow Agent is acting as a stakeholder only with respect to the Down Payment. If there is any dispute as to whether the Escrow Agent is obligated to deliver the Down Payment, the Escrow Agent shall not be required to make any delivery but, in such event, the Escrow Agent may hold the same until receipt by the Escrow Agent of an authorization in writing, signed by all of the parties having an interest in such dispute, directing the disposition of the Down Payment, in the absence of such authorization, the Escrow Agent may hold the Down Payment until the final determination of the rights of the parties in an appropriate proceeding. The Escrow Agent shall be reimbursed for all costs and expenses of such action or proceeding, including, without limitation, reasonable attorneys' fees and disbursements, by the party determined not to be entitled to the Down Payment. Upon making delivery of the Down Payment and all interest earned thereon in accordance with the provisions hereof, the Escrow Agent shall have no further liability hereunder (see NYSCEF Doc. No. 19 at Art. 9.1[b]) (emphasis added).
Based upon this language, the Contract makes clear that where, as here, a dispute arises regarding which party is entitled to recover the down payment, Iconic Title is to retain such funds pending either a signed authorization from both the plaintiff and Weinfeld directing the delivery thereof, or a judicial adjudication, neither of which has occurred to date.[FN5]

Third, and relatedly, neither the Amendment nor the Second Amendment expressly states that the plaintiff is entitled to recover the down payment in the event that Weinfeld fails to close on the Property (see NYSCEF Doc. Nos. 19, 22). Rather, the Amendment sets a June 30, 2022 closing date and the Second Amendment inconsistently cites both an August 15, 2022 and August 16, 2022 [*6]closing date, each of which dates having a "TIME BEING OF THE ESSENCE" notation (id.). However, neither the Amendment nor the Second Amendment states that Weinfeld's failure to close on the Property entitles the plaintiff to recover as damages any amounts furnished as down payments, reflecting an ambiguity in the parties' intent (id.). And while the Second Amendment appears to direct Iconic Title to release $125,000 of the down payment to counsel for the plaintiff, the plaintiff's moving submissions are deficient as stated above and provide no clarity regarding this issue, such that the Court will not award the plaintiff summary judgment based upon this ambiguous and incomplete record (see NYSCEF Doc. Nos. 10-23; see also Barnett v Berkowitz, 217 AD3d 523, 523 [1st Dept 2023] (citing contractual language and holding that "[i]n the face of this potential ambiguity, the court properly denied summary judgment"); Aquatic Pool & Spa Servs., Inc. v WN Weaver St., LLC, 129 AD3d 872, 873 [2d Dept 2015] (noting that where "the contract is ambiguous" as to a critical issue, "the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's breach of contract cause of action"); Menucha of Nyack, LLC v Fisher, 110 AD3d 1037, 1040 [2d Dept 2013] (affirming the denial of the plaintiff's summary judgment motion where the operative contractual language is "ambiguous" and where "the plaintiff failed to make a prima facie showing" of entitlement to summary judgment)).
Accordingly, the plaintiff has failed to cite any provision of the Contract, the Amendment, or the Second Amendment that expressly and unambiguously entitles it to recover the down payment in the event that Weinfeld breaches such agreements by failing to close on the Property. Moreover, and critically, because the plaintiff's moving submissions entirely fail to establish that Weinfeld has materially breached the operative contracts, the plaintiff has not established prima facie entitlement to summary judgment on the first cause of action (see FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 654, 656 [2d Dept 2023] (affirming the denial of summary judgment and holding that "the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as its submissions did not eliminate triable issues of fact as to whether the plaintiff's failure to pay retainages to [defendant] constituted a breach of the letter agreement"); Baxter v Javier, 109 AD3d 493, 494-495 [2d Dept 2013] (finding that "[t]he Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his causes of action to recover damages for breach of contract" where "[t]he plaintiff failed to make a prima facie showing" of entitlement to summary judgment); Mazur Bros. Realty, LLC v State of New York, 59 AD3d 401, 402 [2d Dept 2009] (holding that "the court properly denied the claimant's cross motion for summary judgment as it failed to make a prima facie showing of its entitlement to judgment as a matter of law" regarding a breach of contract claim)).
The Court does not credit the plaintiff's argument — which is asserted for the first time in its reply papers — that it is entitled to summary judgment because "the common law is clear that where a purchaser defaults on a real estate contract, the seller is entitled to damages" (see NYSCEF Doc. No. 31). The plaintiff has not cited, and the Court is not aware of, any authority holding that summary judgment is warranted where, as here: (1) the Contract is silent concerning the remedy in the event of Weinfeld's default; and (2) the plaintiff in any event has failed to establish, prima facie, that Weinfeld materially breached the Contract. Rather, the plaintiff only cites Cipriano v Glen Cove Lodge # 1458, B.P.O.E., 1 NY3d 53, 62 (2003) for the generic proposition that "a vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment," and erroneously quotes No.1 Funding Ctr., Inc. v H & G Operating Corp., 48 AD3d 908, 910 (3d Dept 2008) as stating that "where the buyer fails to close on a 'time of the essence' closing date, and the [*7]seller is ready, willing, and able to perform, the buyer has defaulted, and the seller may retain any funds deposited" (see NYSCEF Doc. No. 31). Notwithstanding the plaintiff's quoting language that is simply not present in the No. 1 Funding Ctr. decision, the Court does not dispute that the legal principles referenced by the plaintiff represent the general state of the law. Notably, however, these two cases cited by the plaintiff are not factually analogous to the instant dispute, and neither case references any purported "common law" remedy that would compel an award of summary judgment in the plaintiff's favor. Accordingly, the inapposite case law cited by the plaintiff does not persuade the Court that summary judgment is appropriate in the plaintiff's favor on this record.
Furthermore, even if the plaintiff had met its prima facie burden of demonstrating entitlement to summary judgment regarding the first cause of action — which it did not — triable issues of fact would nonetheless require the denial of the plaintiff's motion. Notwithstanding the plaintiff's conclusory assertion that it was ready, willing and able to deliver the Property to Weinfeld by the Amendment's stated closing date of June 30, 2022, Weinfeld correctly notes that the plaintiff has not furnished any evidence reflecting its compliance with Article 5.1(m) of the Contract. That provision states: "Notwithstanding anything to the contrary herein if the Premises has a water meter, the Seller agrees to obtain a "Final Water Meter Reading" dated no earlier than 15 days prior to Closing" (see NYSCEF Doc. No. 19 at Art. 5.1[m]). The plaintiff in its reply papers appears to tacitly concede that it did not furnish a "Final Water Meter Reading" to Weinfeld (see NYSCEF Doc. No. 31), demonstrating the presence of a triable issue of fact regarding whether the plaintiff complied with Article 5.1(m) such that it was ready, willing and able to deliver the Property to Weinfeld by June 30, 2022. Instead, the plaintiff attempts to sidestep this contractual term by citing language in the Amendment and the Second Amendment providing: "ADJUSTMENTS. As provided in Paragraph 4.1 the adjustments shall be made as of May 16, 2022" (see NYSCEF Doc. Nos. 19, 22). This ambiguous language, which appears to possibly be referencing Article 4.1 of the Contract concerning "Time and Place" of Closing, does not relieve the plaintiff of its obligation to comply with Article 5.1(m) of the Contract, and further reflects the presence of a triable issue of fact concerning the parties' respective compliance with the operative contracts. Therefore, even if the plaintiff had met its prima facie burden regarding the first cause of action, triable issues of fact concerning the alleged breach of contract would preclude an award of summary judgment in its favor (see BML Props. Ltd. v China Constr. Am., Inc., 2024 NY App. Div. LEXIS 2278, *2 [2d Dept Apr. 25, 2024] (holding that because "issues of fact exist," "[t]he motion court properly denied summary judgment" concerning plaintiff's breach of contract claim); Graciano Corp. v Lanmark Group, Inc., 221 AD3d 473, 474 [1st Dept 2023] (noting that the Appellate Division previously "found simply that Supreme Court had properly denied Lanmark's motion for summary judgment on its counterclaim for breach of contract, as issues of fact existed"); Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d 683, 684 [2d Dept 2023] (holding that "the Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action to recover damages for breach of contract" because "[q]uestions of fact exist")). 
The plaintiff's second cause of action for attorneys' fees against Weinfeld, and Weinfeld's counterclaim for attorneys' fees, both arise from Article 10.20 of the Contract, which states:
Attorney's fees. The prevailing party to any action or proceeding between Purchaser and Seller with respect to the interpretation of or breach of this Agreement or the transaction contemplated hereunder shall be entitled to have and recover all reasonable costs, expenses, and attorneys' fees, paralegal fees, expert witness fees and other costs of litigation incurred [*8]in connection therewith (see NYSCEF Doc. No 19 at Art. 10.20).
In light of the aforementioned denial of summary judgment regarding the first cause of action, and the presence of triable issues of fact concerning any alleged breach of the Contract, neither the plaintiff nor Weinfeld is a "prevailing party" in this action. Accordingly, without opining as to which party may ultimately prevail on the merits and seek recovery of its attorneys fees pursuant to Article 10.20 of the Contract, the plaintiff's motion for summary judgment is denied both with respect to the second cause of action and to the extent that the plaintiff seeks dismissal of that portion of Weinfeld's Answer setting forth his counterclaim.
Nor is the plaintiff entitled to summary judgment striking Weinfeld's affirmative defenses from his Answer on the ground that they are not pled with particularity in accordance with CPLR 3013. CPLR 3013 provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (see CPLR 3013). The 20 affirmative defenses set forth in Weinfeld's Answer are sufficiently particular for purposes of complying with CPLR 3013, and the Court perceives no basis for dismissing them on this record and at this early stage of the proceedings (see NYSCEF Doc. No. 8; see also Wilmington Sav. Fund Soc'y, FSB v 7842 79th Place Inc., 2022 NY Misc. LEXIS 19671, *7 [Sup. Ct. Queens Cty. July 28, 2022] (holding that "[b]ased on the circumstances . . . and as no discovery has been exchanged, this Court finds that the remaining affirmative defenses are not conclusory and are sufficiently pled")). 
Therefore, the branches of the plaintiff's motion seeking an award of summary judgment as against Weinfeld are denied in their entirety. 
With respect to the branches of the plaintiff's motion seeking a default judgment against Iconic Title, it is well-established that pursuant to CPLR 3215(f), "[a]n applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Lancer Ins. Co. v Fishkin, 211 AD3d 719, 720-721 [2d Dept 2022], quoting Countrywide Home Loans Servicing, L.P. v Vorobyov, 188 AD3d 803, 806 [2d Dept 2020]). "To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine if the claim is viable" (Lancer Ins. Co., 211 AD3d at 721, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]).
However, default judgments are not to be rubber-stamped once jurisdiction and failure to appear are shown. Proof must still be submitted to satisfy the Court, at least prima facie, as to the viability of the uncontested cause of action (Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]; see CPLR 3215 [b], [f]). Even if there appears to be no opposition, the Court should not exercise its power, whether statutory or inherent, in a manner or under circumstances where it could work an injustice to litigants or to non-parties (Rivera v Laporte, 120 Misc 2d 733, 735 [Sup Ct, NY County 1983]).
The plaintiff has furnished proof of service of the Summons and Complaint on Iconic Title on February 12, 2024, as well as evidence that Iconic Title has failed to furnish a responsive pleading and has not appeared in this action by counsel (see NYSCEF Doc. No. 6). However, the Court in its discretion will not grant a default judgment as against Iconic Title on either the first or third causes of action asserted against it where, as here, doing so could work an injustice to Weinfeld (see Rivera, supra, 120 Misc 2d at 735). As noted above, Article 9.1(b) of the Contract states in [*9]relevant part that "If there is any dispute as to whether the Escrow Agent is obligated to deliver the Down Payment, the Escrow Agent shall not be required to make any delivery but, in such event, the Escrow Agent may hold the same until receipt by the Escrow Agent of an authorization in writing, signed by all of the parties having an interest in such dispute, directing the disposition of the Down Payment, in the absence of such authorization, the Escrow Agent may hold the Down Payment until the final determination of the rights of the parties in an appropriate proceeding" (see NYSCEF Doc. No. 19 at Art. 9.1[b]). This lawsuit is a dispute between the plaintiff and Weinfeld regarding the entitlement to the "Down Payment" referenced in Article 9.1(b), with competing arguments and triable issues of fact concerning any alleged breaches of the operative contractual documents, including the Amendment and the Second Amendment, neither of which is executed by Iconic Title (see NYSCEF Doc. Nos. 19, 22). As such, the Court determines that Iconic Title is presently performing its contractual and fiduciary duties in connection with the Contract by retaining funds deposited by Weinfeld pending a final judicial determination on the merits herein or a written settlement by the parties that unambiguously resolves their dispute. Moreover, given that the plaintiffs' claims against Iconic Title are intertwined with its claims against Weinfeld, and hinge upon a determination on the merits in the plaintiff's favor and against Weinfeld, a default judgment would effectively — and prematurely — decide the merits of this case in the plaintiff's favor. 
Accordingly, the branches of the plaintiff's motion seeking a default judgment as against Iconic Title with respect to the first and third causes of action are denied (see Turner v Pride & Servs. El. Co., Inc., 2021 NY Misc. LEXIS 1575, *5 [Sup Ct NY Cty. Apr. 6, 2021] (noting that "[t]he question of whether to grant a default judgment lies within the broad discretion of the court" and holding that "[a]lthough plaintiff has proven the elements set forth above, this Court, in its discretion, denies plaintiff's motion for a default judgment"); Zunzurovski v Bukefal LLC, 2020 NY Misc. LEXIS 408, *6 [Sup Ct NY Cty. Jan. 3, 2020] (denying a motion for a default judgment and noting that "[c]ourts have broad discretion in deciding default judgment motions"); Asher Enters., Inc. v Digital Brand Media & Mktg. Group, Inc., 2014 NY Misc. LEXIS 6385, *9 [Sup. Ct. Nassau Cty. Sept. 9, 2014] (holding that "[u]nder these circumstances, the Court exercises its broad discretion in denying the motion by plaintiff for default judgment against defendants")). 
Accordingly, it is,
ORDERED that the plaintiff's motion (seq. no. 1) is denied in its entirety; and it is further,
ORDERED that within 10 days of receipt of this Decision and Order via NYSCEF, counsel for the plaintiff shall serve a copy thereof, with notice of entry, by first class mail upon Iconic Title at its last known address.
The foregoing constitutes the Decision and Order of this Court.[FN6]

Dated: July 23, 2024
White Plains, New York
ENTER,
HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:Counsel violated this Court's Part Rules by merging together as one exhibit both the Contract and the subsequently executed Amendment (see NYSCEF Doc. No. 19). In future submissions, counsel is directed to strictly comply with such Part Rules, including the directive that "[m]ultiple documents shall not be grouped together under a single exhibit. Each exhibit shall contain only a single document separately uploaded to NYSCEF" (see 
https://www.nycourts.gov/LegacyPDFS/courts/9jd/PartRules/PR_RSOndrovic.pdf).

Footnote 2:Weinfeld also states that the plaintiff should not be entitled to recover attorneys' fees in connection with a prior action filed by the plaintiff as against Weinfeld and Iconic Title involving this same dispute, as that action was dismissed by the Hon. William J. Giacomo, J.S.C., for lack of personal jurisdiction over Weinfeld following a traverse hearing in which the Court determined that service of process was not properly effectuated upon Weinfeld (see Westchester County Sup. Ct. Index. No. 64666/2022 at NYSCEF Doc. No. 62).

Footnote 3:Iconic Title has not appeared in this action, and has furnished no opposition to the plaintiff's motion despite having been served with same (see NYSCEF Doc. No. 25).

Footnote 4:"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Blank v Petrosyants, 203 AD3d 685, 688 [2d Dept 2022], quoting Liberty Equity Restoration Corp. v Yun, 160 AD3d 623, 626 [2d Dept 2018]).

Footnote 5:Although not referenced by the parties, Article 9.1(e) of the Contract states that "[t]he Purchaser shall be liable for loss of the Down Payment" (see NYSCEF Doc. No. 19 at Art. 9.1[e]). However, this vague and ambiguous statement provides no basis on this record for holding that the plaintiff has established prima facie entitlement to summary judgment.

Footnote 6:All other arguments raised on this motion and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.