**Nassau Fin. Fed. Credit Union v Uddin**

2024 NY Slip Op 34500(U)

December 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 525725/2019

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 20th day of December, 2024.

P R E S E N T:
HON. CENCERIA P. EDWARDS, C.P.A.,
                                                    Justice.
-----------------------------------------------------------------------X
NASSAU FINANCIAL FEDERAL CREDIT UNION,

                                        Plaintiff(s),

                -against-

KAMAL UDDIN, et al.,

                                        Defendant(s).
-----------------------------------------------------------------------X

**ORDER**

Motion Calendar: 12/15/2022
Calendar #(s): 19

Index #:          525725/2019
Mot. Seq. #(s):          1

The following e-filed papers read herein:                    NYSCEF Doc. Nos.:

Notice of Motion, Affidavits (Affirmations) and Exhibits _____          __21-37, 44-48_____
Opposing Affidavits (Affirmations) and Exhibits _____          _____None_____
Reply Affidavits (Affirmations) and Exhibits _____          _____N/A_____

In this action to foreclose a credit line mortgage encumbering the residential property at 3406 12th Avenue, Brooklyn, NY, it is alleged that on March 2, 2017, defendant-borrower KAMAL UDDIN ("Defendant") executed a home equity agreement promising to repay plaintiff NASSAU FEDERAL CREDIT UNION ("Plaintiff") "the principal sum up to $300,000.00," which debt was secured by the subject mortgage, and he has continually failed to make the monthly installment payments due under the agreement, starting with the payment due on August 28, 2018.

Plaintiff now moves pursuant to CPLR § 3215 and RPAPL § 1321, for an order, *inter alia*, granting a default judgment against defendants, all of whom have purportedly failed to timely answer the complaint, and appointing a referee to compute the amount due and examine whether the Property may be sold as one parcel.

"A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the

[* 1]

claim, and (3) the defendant's default" (*CitiMortgage, Inc. v Weaver*, 197 AD3d 1087, 1088 [2d Dept 2021] [internal quotation marks omitted; *see* CPLR 3215[f]). As explained below, Plaintiff has failed to make an adequate showing on the second and third criteria.

**Proof of Defendants' Default**

Plaintiff's attorney affirmation sparsely recites the procedural history of this case and then asserts, only in conclusory fashion, that it is entitled to a default judgment because all of the named defendants have failed to timely answer the complaint. At no point in this affirmation does Plaintiff specifically articulate when any defendant was served, by which method, when service was deemed complete, and when each defendant's answer was due. Rather than present specific facts and legal arguments in support of its position, Plaintiff has simply appended to its motion a series of affidavits of service, with no page reference to each defendant, and does not even attempt to qualitatively verify that the defendants were properly served with the summons and complaint, and that their time to answer or appear has expired. It is not this Court's responsibility to sift through Plaintiff's submissions to identify the factual and legal assertions upon which Plaintiff's motion for a default judgment is, or should be, predicated and then determine the veracity and accuracy thereof. The paucity of Plaintiff's attorney affirmation, including its failures to present the supporting facts and to apply the relevant law, is improper and requires that this Court deny the motion in its entirety.

**Proof of the Facts Constituting the Claim**

"Where a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party" (*Aurora Loan Servs., LLC v Jemal*, 205 AD3d 661, 664 [2d Dept 2022]). "To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine if the claim is viable" (*Lancer Ins. Co. v Fishkin*, 211 AD3d 719, 721 [2d Dept 2022]). Hence, "where the allegations of a complaint or affidavit of facts fail to establish a prima facie case, 'the applicant is

not entitled to the requested relief, even on default'" (*Wynkoop v 622A President St. Owners Corp.*, 169 AD3d 1100, 1103 [2d Dept 2019], quoting *Dyno v Rose*, 260 AD2d 694, 698 [3d Dept 1999]).

"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (*Bank of NY Mellon v Gordon*, 171 AD3d 197, 208 [2d Dept 2019]). In contrast to a note that evinces an unequivocal promise to pay a sum certain, a line of credit agreement permitting a mortgagor to obtain cash advances does not, in and of itself, constitute proof that the mortgagor "owe[s] an obligation that can be foreclosed upon" (*see Urban Equity Partners, LLC v Aribisala*, 143 AD3d 887, 888 [2d Dept 2016]). Hence, where, as here, a plaintiff seeks to foreclose on a mortgage securing debt arising from a line of credit agreement, said plaintiff must submit "evidence that [the mortgagor] actually received any such cash advances" (*id.*).

In support of the motion, Plaintiff submits the affidavit of its Chief of Staff, Michael Cahalin, who attests to having knowledge of the relevant facts "based on my review of the note [*sic*], mortgage and other loan documents related to this action and of business records of Plaintiff related thereto" (*see* NYSCEF Doc #35, ¶1). Cahalin explains that upon executing and delivering the home equity agreement, Defendant "promised to repay [Plaintiff] the principal sum up to $300,000.00 with interest as set forth in the agreement" (*see id.*, ¶3). With respect to the default Cahalin avers as follows:

> "[Defendant] failed to comply with the terms of the Agreement and Mortgage by defaulting in the payment which became due on August 28, 2028 and each and every month thereafter" (*id.*, ¶ 8);
> "As a result of the defendant's default, Plaintiff declared the entire balance immediately due and payable" (*id.*, ¶12);
> "Pursuant to the Agreement, [Defendant] borrowed and Plaintiff advanced the principal sum of $300,000.00 to [Defendant], which sum has been reduced to $299,566.77 from payments received and applied to the loan" (*id.*, ¶13); and
> "There is now due and owing to Plaintiff the principal sum of $299,566.77, with interest thereon from July 28, 2018" (*id.*, ¶14).

The entirety of Cahalin's testimony regarding Defendant's alleged default under the line of credit agreement is set forth in paragraphs "8," "12," and "14" of the affidavit, reproduced above. At the end of each of these paragraphs, Cahalin cites, as supports for the allegations therein, Exhibit "H" to the motion, which is a copy of Plaintiff's complaint (*see* NYSCEF Doc #31). However, the complaint is verified only by Plaintiff's counsel, who does not profess in the verification to having any personal knowledge of the underlying facts (*see id.*, p. 17). Such a

3

[* 3]

complaint is insufficient to establish its own merits and cannot support a default judgment (*see* *Pemberton v Montoya*, 216 AD3d 988, 990 [2d Dept 2023]). More importantly, the only mention of Defendant's having received funds under the line of credit agreement is Cahalin's statement in paragraph "13" of the affidavit, reproduced in full above, that Plaintiff advanced the sum of $300,000.00 to Defendant.[1] However, as discussed, Cahalin stated that he acquired his knowledge of the relevant facts by reviewing Plaintiff's business records, and yet, he does not cite anything to support this allegation. This renders the statement devoid of evidentiary value. Since Plaintiff submitted no evidence that Defendant received any cash advances under the subject line of credit agreement, the Court finds that Plaintiff has failed to make out a *prima facie* case (*see Aribisala*, 143 AD3d at 888) and, thus, has failed to submit adequate proof of the facts constituting the claim so as to warrant the grant of a default judgment.

**Amending the Caption**

Plaintiff additionally moves to amend the caption because it has subsequently identified four tenants at the mortgaged property who were purportedly served as "John Doe" defendants. Hence, Plaintiff requests that the defendants sued herein as "John Doe #5" through "John Doe #10" be deleted from the caption, and that the defendants sued herein as "John Doe #1" through "John Doe #4" be substituted with the following as named party-defendants: Ashiqur Rahman, Magfera Kamal, Kapil Mahmud, and Tauseef Uddin. This branch of the motion is granted, and the caption shall be amended to read as follows:

[The remainder of this page is left intentionally blank.]

---

[1] Paragraph "13" of Cahalin's affidavit is identical to paragraph "12" of Plaintiff's complaint (*compare* NYSCEF Doc. #35, p. 5, with the Summons & Complaint at NYSCEF Doc. #1, pp. 5-6 and NYSCEF Doc. #31, pp. 6-7).

4

[* 4]

---------------------------------------------------------------------X
NASSAU FINANCIAL FEDERAL CREDIT UNION,

Plaintiff,

-against-

KAMAL UDDIN, MOHAMMED BARI, NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, UNITED STATES OF
AMERICA (EASTERN DISTRICT), ASHIQUR RAHMAN,
MAGFERA KAMAL, KAPIL MAHMUD, and TAUSEEF UDDIN,

Defendant.
---------------------------------------------------------------------X

Accordingly, the above-referenced motion by Plaintiff for, *inter alia*, a default judgment and an order of reference (motion sequence #1) is **GRANTED** ~~solely to the extent~~ that it is:

**ORDERED** that the Clerk of the Court shall amend the caption as indicated above, and the remainder of Plaintiff's motion is **DENIED**.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

~~Dated~~: December 20, 2024

_____
**Hon. Cenceria P. Edwards, JSC, CPA**

5

[* 5]